

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-26-2009

# Lauren Kaufman v. Allstate NJ Ins Co

Precedential or Non-Precedential: Precedential

Docket No. 08-4911

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Lauren Kaufman v. Allstate NJ Ins Co" (2009). *2009 Decisions.* Paper 1617.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1617

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

—————

Nos. 08-4911, 08-4912, 08-4913

—————

LAUREN KAUFMAN; BETTINA FREELAND;
PHILLIP T. BURRUS;
VANGA STOILOV; ANTHONY ROSSETTI;
TAMESHA BROWN;
AXA & EDUARDO KIEFFER;
SANDRA KOZUSKO

v.

ALLSTATE NEW JERSEY INSURANCE COMPANY;
LIBERTY MUTUAL FIRE INSURANCE COMPANY;
GEICO INSURANCE COMPANY;
FIRST TRENTON INDEMNITY COMPANY;
HIGH POINT INSURANCE COMPANY;
NEW JERSEY MANUFACTURERS INSURANCE
COMPANY

Liberty Mutual Fire Insurance Company,
             Appellant in No. 08-4911

Allstate New Jersey Insurance Company,
             Appellant in No. 08-4912

Geico Insurance Company,
                        Appellant in No. 08-4913

_____

On Appeal from the United States District Court
for the District of New Jersey
District Court  No. 3-07-cv-06160
District Judge: The Honorable Mary L. Cooper

_____

Argued January 27, 2009

Before: MCKEE, RENDELL, and SMITH, *Circuit Judges*

(Filed: March 26, 2009)

Eric D. Katz (Argued)
Mazie, Slater, Katz & Freeman
103 Eisenhower Parkway
Roseland, NJ 07068
*Counsel for Appellees*

John E. Keefe, Jr.
Keefe Bartel
830 Broad Street
Shrewsbury, NJ 07702
*Counsel for Appellees*

John J. Calkins
Sonnenschein, Nath & Rosenthal
1301 K Street, N.W.

2

Suite 600, East Tower
Washington, DC 20005
*Counsel for Allstate NJ Insurance Company*

DanaLynn T. Colao
Saiber
One Gateway Center, 13th Floor
Newark, NJ 07102
*Counsel for Allstate NJ Insurance Company*

Mark G. Arnold (Argued)
Husch Blackwell Sanders
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
*Counsel for Liberty Mutual Fire*

Meloney C. Perry (Argued)
Meckler Bugler Tilson Marick & Pearson
10,000 North Central Expressway
Suite 1450
Dallas, TX 75231
*Counsel for Geico Insurance Company*

David F. Swerdlow
Windels, Marx, Lane & Mittendorf
104 Carnegie Center
Suite 201
Princeton, NJ 08540
*Counsel for Geico Insurance Company*

Stephen R. Katzman

Methfessel & Werbel
3 Ethel Road
P.O. Box 3012, Suite 300
Edison, NJ 08818
*Counsel for First Trenton Indemnity Company*

Joseph J. DePalma
Bruce D. Greenberg
Lite, De Palma, Greenberg & Rivas
Two Gateway Center, 12th Floor
Newark, NJ 07102
*Counsel for High Point Insurance Company*
  *and NJ Manufacturing Insurance Company*

Daniel J. Pomeroy
Mortenson & Pomeroy
155 Morris Avenue
Springfield, NJ 07081
*Counsel for High Point Insurance Company*
  *and NJ Manufacturing Insurance Company*

---

OPINION

---

SMITH, *Circuit Judge.*

The Class Action Fairness Act of 2005 (CAFA)[1] confers jurisdiction on federal courts over certain class actions in which any defendant and any class member are citizens of different states. 28 U.S.C. § 1332(d)(2). CAFA further enables any defendant to remove a qualifying class action to federal court. *Id.* § 1453(b). Under CAFA's "local controversy" exception, however, a federal court must decline jurisdiction if certain conditions are met, including that a super-majority of the members of the putative class and at least one significant defendant are from the state in which the class action was originally filed. 28 U.S.C. § 1332(d)(4)(A). This appeal addresses, as issues of first impression, the meaning of two provisions within CAFA's local controversy exception.

Plaintiffs in this case originally filed their class action complaint in the Superior Court of New Jersey, Monmouth County, against six automobile insurance providers. After the case was removed to the United States District Court for the District of New Jersey pursuant to CAFA, the District Court granted Plaintiffs' motion to remand based on CAFA's local controversy exception, 28 U.S.C. § 1332(d)(4)(A). Government Employees Insurance Company (GEICO), Allstate New Jersey Insurance Company (Allstate NJ), and Liberty Mutual Fire Insurance Company (Liberty) (collectively, the Defendants), petitioned for permission to appeal under 28 U.S.C. §

---

[1]Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 (codified in scattered sections of 28 U.S.C.).

5

1453(c)(1). The Defendants challenge the District Court's interpretation of two provisions in CAFA's local controversy exception—specifically, the significant basis provision, 28 U.S.C. § 1332(d)(4)(A)(i)(II)(bb), and the principal injuries provision, 28 U.S.C. § 1332(d)(4)(A)(i)(III). For the reasons set forth below, we reject Defendants' interpretations of these provisions. Nevertheless, we will vacate in part the judgment of the District Court and remand the case for the District Court to reconsider its significant basis analysis, which erroneously relied on generic market share numbers instead of focusing on the conduct alleged in the complaint.

I.

A.

Prior to Congress's enactment of CAFA in 2005, many class actions were excluded from federal courts even if those actions implicated matters of national importance affecting millions of parties from many different states. This was the result of the complete-diversity rule, which requires that no plaintiff be a citizen of the same state as any defendant,[2] and the rule against aggregating claims, which requires that each plaintiff individually seek at least the jurisdictional amount in

---

[2]*See* 28 U.S.C. § 1332(a)(1); *see also Strawbridge v. Curtiss*, 7 U.S. 267, 267 (1806); *Midlantic Nat'l Bank v. Hansen*, 48 F.3d 693, 696 (3d Cir. 1995).

controversy.[3]

One purpose of CAFA was to provide for "[f]ederal court consideration of interstate cases of national importance under diversity jurisdiction." CAFA § 2, Pub. L. 109-2, 119 Stat. 4. Pursuant to CAFA, federal courts have jurisdiction over class actions in which the amount in controversy exceeds $5,000,000 in the aggregate, §§ 1332(d)(2) & (6), any class member and any defendant are citizens of different states, § 1332(d)(2)(A), and there are at least 100 members in the putative class, § 1332(d)(5)(B).

CAFA also contains two mandatory exceptions from federal jurisdiction, §§ 1332(d)(4)(A) & (B). These two exceptions require a district court to decline jurisdiction when the controversy is uniquely local[4] and does not reach into multiple states. Subsection (A), the "local controversy" exception, may apply when at least one significant defendant and more than two-thirds of the members of the putative classes are local. Subsection (B), the "home-state" exception, may apply when the primary defendants and at least two-thirds of the

---

[3]*See* 28 U.S.C. § 1332(a); *see also Zahn v. Int'l Paper Co.*, 414 U.S. 291, 301 (1973); *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993).

[4]For simplicity, we use the term "local" to mean from the state in which the action was originally filed.

7

members of the putative classes are local. Specifically, 28 U.S.C. § 1332(d)(4) provides:

A district court shall decline to exercise jurisdiction under paragraph (2)—

(A)(i) over a class action in which –

(I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;

(II) at least 1 defendant is a defendant—

(aa) from whom significant relief is sought by members of the plaintiff class;

(bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and

(cc) who is a citizen of the State in which the action was originally filed; and

(III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and

8

(ii) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same persons; or

(B) two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed.

28 U.S.C. § 1332(d)(4).

In this appeal, we consider two questions: first, whether the significant basis provision, § 1332(d)(4)(A)(i)(II)(bb), requires that every class member must assert a claim against the local defendant; and second, whether the principal injuries provision, § 1332(d)(4)(A)(i)(III), requires that principal injuries resulting from the alleged conduct *and* any related conduct of each defendant must be incurred in the state in which the action was originally filed. No other court of appeals has yet considered these two questions.

## B.

On November 30, 2007, nine representative plaintiffs (Plaintiffs) filed a class action complaint against six insurance companies in the Superior Court of New Jersey. Plaintiffs voluntarily dismissed three New Jersey insurers in July 2008 so that, presently, only Allstate NJ, GEICO, and Liberty remain in

the action. Allstate NJ[5] is a New Jersey citizen, but GEICO and Liberty are not.[6]

Plaintiffs allege that they purchased automobile insurance from Defendants and plead three causes of action: 1) breach of contract; 2) breach of an implied duty of good faith and fair dealing; and 3) violation of the New Jersey Consumer Fraud Act, N.J. Stat. Ann. § 56:8-1 *et seq*. The crux of Plaintiffs' claims is that an automobile loses value if it is damaged in an accident, notwithstanding its complete repair. This loss in value is known in the insurance business as "diminished value." Plaintiffs allege that Defendants do not pay their insureds for diminished value insurance claims. They assert that Defendants either expressly exclude diminished value from coverage, or their insurance policies are silent as to such coverage. In any event, Plaintiffs contend that Defendants' practices violate New Jersey law and the insurance contracts.

In addition to compensatory and punitive damages, Plaintiffs seek reformation of the insurance contracts to establish coverage and an injunction that would 1) compel Defendants to cover diminished value claims; 2) require Defendants to notify

---

[5]Allstate NJ was substituted for Allstate Insurance Company, an out-of-state defendant, in March 2008.

[6]GEICO is a Maryland corporation with its principal place of business in Maryland. Liberty is allegedly a Wisconsin corporation with its principal place of business in Massachusetts.

their insureds of the coverage and claims processing procedures; and 3) require Defendants to adhere to these contractual obligations in the future.

The complaint also seeks class action status. Without specifying the type of class action Plaintiffs seek to maintain, their complaint includes language that might support a (b)(1), (b)(2), or (b)(3) class action. *See* Fed. R. Civ. Pro. 23(b). Plaintiffs define the putative "Equitable Relief Class" to include all persons currently insured by Defendants under a policy issued in New Jersey and the "Damages Sub-Class" to include all persons currently or previously insured by Defendants and who submitted, at any time within six years prior to the complaint, a claim for damage and who did not receive compensation for diminished value. Significantly, in Defendants' view, each class member would assert claims against only one Defendant—the Defendant that underwrote the class member's automobile insurance. Thus, the putative class and sub-class would actually be comprised of three separate and distinct groups of members: 1) GEICO insureds; 2) Liberty insureds; and 3) Allstate NJ insureds.

After GEICO timely removed the action to the District Court pursuant to CAFA, 28 U.S.C. §§ 1332(d)(2) and 1453, Plaintiffs filed a motion to remand based on CAFA's local controversy exception, § 1332(d)(4)(A). On September 10, 2008, the District Court determined that the local controversy exception applied and remanded the action to the Superior Court of New Jersey. Defendants timely petitioned for review of the remand order. 28 U.S.C. § 1453(c)(1). We granted their

11

petitions.[7]

## II.

We exercise jurisdiction pursuant to 28 U.S.C. § 1453(c) and review issues of subject matter jurisdiction and statutory interpretation *de novo*. *Morgan v. Gay*, 471 F.3d 469, 472 (3d Cir. 2006) (citing *Samuel-Bassett v. Kia Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004)).

## III.

The parties do not dispute CAFA's threshold jurisdictional requirements.[8] We must nevertheless satisfy

---

[7]We granted the Defendants' petitions December 22, 2008. Pursuant to 28 U.S.C. § 1453(c)(2), we have 60 days from the date we granted the petition to file an opinion and judgment. *Morgan v. Gay*, 471 F.3d 469, 472 (3d Cir. 2006). The February 20, 2009 deadline has been extended, however, by virtue of the parties' consent to a 45-day extension. *See* 28 U.S.C. § 1453(c)(3).

[8]CAFA provides:
The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which—(A) any member of a class of plaintiffs is a citizen of a State

12

ourselves that federal subject matter jurisdiction exists in the first instance. *See Samuel-Bassett*, 357 F.3d at 395. We require the party seeking to remove to federal court to demonstrate federal jurisdiction. *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007); *see also Morgan*, 471 F.3d at 473 ("Under CAFA, the party seeking to remove the case to federal court bears the burden to establish that the amount in controversy is satisfied."). In removal cases, we begin evaluating jurisdiction by reviewing the allegations in the complaint and in the notice of removal. *Frederico*, 507 F.3d at 197.

GEICO's notice of removal indicates GEICO and Plaintiffs are from different states (Maryland and New Jersey, respectively), and that the complaint seeks class action status for a class comprising thousands of individuals. The notice of removal also asserts that the amount in controversy exceeds $5,000,000, exclusive of interest and costs. Although the

different from any defendant; (B) any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State; or (C) any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state. 28 U.S.C. § 1332(d)(2). Under § 1332(d)(5)(B), paragraph (d)(2) shall not apply if "the number of members of all proposed plaintiff classes in the aggregate is less than 100." Further, any defendant may remove the action without the consent of all defendants. 28 U.S.C. § 1453(b).

13

complaint does not quantify the relief Plaintiffs seek, it enumerates damages including compensatory damages and interest, punitive damages in accordance with the New Jersey Punitive Damages Act, attorney fees, and the costs of suit, in addition to injunctive relief. Plaintiffs do not dispute that the amount in controversy exceeds $5,000,000.

In *Frederico*, we reiterated that "when relevant facts are not in dispute or findings have been made," the legal-certainty test applies. *Id.* Under the legal-certainty test, federal jurisdiction exists unless it appears, to a legal certainty, that the plaintiff was never entitled to recover the jurisdictional amount. *See id.* Plaintiffs' complaint purports to implicate hundreds of thousands of insurance policies issued to consumers in New Jersey by each Defendant, individually. Given the categories of damages sought—punitive damages, in particular, which may amount to as much as the greater of five times compensatory damages or $350,000[9]—we are unable to conclude to a legal certainty that Plaintiffs are not entitled to recover the jurisdictional amount. Therefore, jurisdiction exists under § 1332(d)(2).

IV.

A.

Notwithstanding jurisdiction under § 1332(d)(2), the District Court decided to remand the action based on the local

---

[9]N.J. Stat. Ann. § 2A:15–5.9.

14

controversy exception, § 1332(d)(4)(A). Defendants do not dispute that Plaintiffs meet several requirements of this exception. They do not contest that more than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of New Jersey, as required by § 1332(d)(4)(A)(i)(I). Defendants also do not dispute that during the 3-year period preceding the filing of the action, no other class action has been filed asserting the same or similar factual allegations against any of the Defendants on behalf of the same persons, in accord with § 1332(d)(4)(A)(ii). Rather, the argument focuses on whether the significant basis provision, § 1332(d)(4)(A)(i)(II)(bb), and principal injuries provision, § 1332(d)(4)(A)(i)(III), are met.

For the significant basis provision to apply, a local defendant "whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class" must be named. 28 U.S.C. § 1332(d)(4)(A)(i)(II)(bb). The principal injuries provision requires that "principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(A)(i)(III). The District Court determined these requirements were satisfied. It rejected Defendants' interpretation of each provision. In its analysis, however, the District Court did not focus only on the Defendants presently in the action. It also considered three New Jersey insurers which were named in the original complaint but subsequently dismissed. The District Court erred in that regard. As explained below, the local controversy exception applies only to the Defendants remaining in an action.

It is true that under a long-standing rule, federal diversity

15

jurisdiction is generally determined based on the circumstances prevailing at the time the suit was filed. *See Mollan v. Torrance*, (9 Wheat.) 537, 539 (1824) (Marshall, C.J.) ("[J]urisdiction of the court depends upon the state of things at the time of the action brought, and that, after vesting, it cannot be ousted by subsequent events."). This time-of-filing rule represents a policy decision "that the sufficiency of jurisdiction should be determined once and for all at the threshold and if found to be present then should continue until final disposition of the action." Wright, A. Miller, & E. Cooper, 13E Federal Practice and Procedure § 3608 (2009) (internal quotation marks and citation omitted). The rule serves to increase certainty and minimize repeated challenges to federal jurisdiction that might undermine efficiency. *Id.*

But the time-of-filing rule admits exceptions in cases where the parties change, in contrast to cases in which the circumstances attendant to those parties change. *See Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 575 (2004) (recognizing exceptions to the time-of-filing rule in cases where parties change); *see also Kabakjian v. United States*, 267 F.3d 208, 212 (3d Cir. 2001) (same). Class actions, of course, often involve more parties than traditional bipolar litigation and thus a greater likelihood that some parties will change. In fact, 28 U.S.C. § 1332(d)(7) accounts for this aspect of class actions by explicitly providing that class member citizenship may be determined even after the time-of-filing:

> Citizenship of the members of the proposed plaintiff classes shall be determined for purposes of paragraphs (2) through (6) as of the date of the

filing of the complaint or amended complaint, or, if the case stated by the initial pleading is not subject to Federal jurisdiction, as of the date of service by plaintiffs of an amended pleading, motion or other paper, indicating the existence of Federal jurisdiction.

28 U.S.C. § 1332(d)(7).

In a similar vein, we conclude that the local controversy exception requires consideration of the defendants presently in the action. Indeed, a key condition of the local controversy exception is the presence in the action of at least one significant local defendant. Applying the exception when no local defendant remains in the action, as could occur under the time-of-filing rule, would not comport with the exception's focus on discerning local controversies based, in part, on the presence of a significant local defendant.

In the instant case, three of the initial defendants, all local, were dismissed. Currently, three defendants remain in the action: GEICO, Liberty, and Allstate NJ. Of these, only Allstate NJ is a possible significant local defendant, and it was substituted into the action to replace a non-New Jersey defendant only after the complaint had been filed. Also, Plaintiffs have stipulated that they will file an amended complaint to account for the changed parties, once jurisdiction is resolved and the proper forum is known.

Yet in analyzing the significant basis provision, the District Court identified one of the dismissed defendants, New

17

Jersey Manufacturers (NJM), as the local defendant.[10] The District Court's focus on NJM was erroneous because NJM was no longer in the action. Application of the local controversy exception must focus on Defendants which remain in the action.

B.

We also conclude that the District Court correctly assigned to Plaintiffs the burden of establishing that the local controversy exception applies. Although a question of first impression in this Court, other courts of appeals have uniformly concluded that once CAFA jurisdiction has been established, the burden shifts to the party objecting to federal jurisdiction to show that the local controversy exception should apply. *See Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1024 (9th Cir. 2007) ("[O]nce federal jurisdiction has been established under [§ 1332(d)(2)], the objecting party bears the burden of proof as to the applicability of any express statutory exception under §§ 1332(d)(4)(A) and (B)."); *Hart v. FedEx Ground Package Sys. Inc.*, 457 F.3d 675, 680 (7th Cir. 2006) (same); *Frazier v. Pioneer Ams. LLC*, 455 F.3d 542, 546 (5th Cir. 2006) (same); *Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1165 (11th Cir. 2006) (same).

As explained in *Hart* and *Serrano*, this burden-shifting approach is justified by analogy to practice under the removal

---

[10]The District Court did note that its analysis would yield the same result if Allstate NJ were considered the local defendant instead of NJM.

statute, 28 U.S.C. § 1441(a). *Serrano*, 478 F.3d at 1023–1024; *Hart*, 457 F.3d at 680. In 1948, the removal statute was amended to its present form, and now states: "*Except as otherwise expressly provided by Act of Congress,* any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants . . . ." 28 U.S.C. § 1441(a) (emphasis added). Considering this statute, the Supreme Court stated that "[s]ince 1948, therefore, there has been no question that whenever the subject matter of an action qualifies it for removal, the burden is on a plaintiff to find an express exception." *Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 698 (2003).

Under *Breuer*, the rule—that a plaintiff bears the burden of demonstrating an exception to removability—follows from the structure of a statute providing for removability absent an express exception. *Hart* and *Serrano* extrapolated from *Breuer* the rule that the party objecting to CAFA jurisdiction has the burden of establishing an exception, once the conditions exist under which "[t]he district courts shall have original jurisdiction" pursuant to § 1332(d)(2). In the view of *Hart* and *Serrano*, the structure of § 1332(d) mirrors that of § 1441(a), with the exceptions of §§ 1332(d)(3) & (d)(4) being "express exceptions." *See*, *e.g., Hart*, 457 F.3d at 681 ("It is reasonable to understand these as two 'express exceptions' to CAFA's normal jurisdictional rule, as the Supreme Court used that term in *Breuer*."). *Hart* explained, "[t]he case might be different if Congress had put the home-state and local controversy rules directly into the jurisdictional section of the statute, § 1332(d)(2), but it did not." *Id.* Although the analogy to removal

19

is not perfect, *Breuer*'s reasoning persuades us to join our sister circuits in concluding that the party seeking remand has the burden of showing that the local controversy exception applies.

C.

We now turn to the significant basis provision. This provision requires that the class action include at least one local defendant "whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class." 28 U.S.C. § 1332(d)(4)(A)(i)(II)(bb). GEICO and Allstate NJ argue that, under this provision, every member of the proposed plaintiff class must assert a claim against the local defendant. Because only Allstate NJ insureds can assert claims against Allstate NJ—the only local defendant presently in the action—many members of the proposed plaintiff class would not assert claims against the local defendant in this case. Consequently, were we to adopt Defendants' interpretation, Plaintiffs could not satisfy the significant basis provision.

GEICO and Allstate NJ make a textual argument to support their interpretation. They explain that, based on the language of the provision, "the proposed plaintiff class" must assert claims against the local defendant. Because the term "class" is defined as "all of the class members in a class action," 28 U.S.C. § 1332(d)(1)(A), the phrase "the proposed plaintiff class" refers to all the members of the proposed plaintiff class.

GEICO and Allstate NJ further contrast CAFA's use of the term "class," as opposed to "members," to emphasize that CAFA uses different terms to distinguish between all class

20

members and a subset of those class members. For example, a provision in the local controversy exception requires that the class action include at least one local defendant "from whom significant relief is sought *by members of the plaintiff class*." 28 U.S.C. § 1332(d)(4)(A)(i)(II)(aa) (emphasis added). Similarly, the home-state exception provides an exception to CAFA jurisdiction when "two-thirds or more *of the members of all proposed plaintiff classes* in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B) (emphasis added). According to GEICO and Allstate NJ, these textual differences confirm that CAFA deliberately referenced the entire proposed plaintiff class, rather than a subset of that class, in the significant basis provision. *DiGiacomo v. Teamsters Pension Trust Fund of Philadelphia*, 420 F.3d 220, 227 (3d Cir. 2005) ("[I]t is generally presumed that Congress acts intentionally and purposely when it includes particular language in one section of a statute but omits it in another.") (internal quotation marks and citations omitted). Defendants further observe that the significant basis provision does not say that the local defendant's conduct should be a basis for "some" claims asserted by "members" of the proposed plaintiff class; it says the local defendant's conduct should form a significant basis of "the" claims asserted by "the" proposed plaintiff class. Thus, in their view, the provision requires every class member to assert a claim against the local defendant. The District Court rejected Defendants' interpretation.

"In interpreting a statute, the Court looks first to the statute's plain meaning and, if the statutory language is clear and unambiguous, the inquiry comes to an end." *Conn. Nat'l Bank*

21

*v. Germain*, 503 U.S. 249, 253–54 (1992); *Rosenberg v. XM Ventures*, 274 F.3d 137, 141–42 (3d Cir. 2001). When the statutory language is not clear on its face, the statute must be construed to give effect, if possible, to every word and clause. *See Cooper Indus., Inc. v. Aviall Servs., Inc.*, 543 U.S. 157, 166–68 (2004). In addition, when the plain meaning cannot be derived, the provision at issue must be viewed in the context of the statute as a whole. *See Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 486 (2006).

We agree with GEICO and Allstate NJ that "the claims asserted by the proposed plaintiff class" means the claims asserted by all the class members in the action. The term "class" plainly refers to all the members of the proposed plaintiff class. Additionally, the definite article preceding the term "claims" indicates that "the claims asserted" means *all* the claims asserted. *See Frazier*, 455 F.3d 542, 546 (5th Cir. 2006) (determining that, in 28 U.S.C. § 1332(d)(5)(A), the presence of the definite article in "the primary defendants" means the clause refers to *all* the primary defendants). Thus, we agree that the significant basis provision requires at least one local defendant whose alleged conduct forms a significant basis for all the claims asserted in the action.

But this conclusion does not imply that the significant basis provision requires every member of the proposed plaintiff class to assert a claim against the local defendant—and the provision certainly does not state such a requirement. Instead, it requires that "at least 1 [local] defendant is a defendant . . . whose alleged *conduct* forms a significant basis for the claims asserted by the proposed plaintiff class." 28 U.S.C. §

22

1332(d)(4)(A)(i)(II) (emphasis added). The plain text of this provision relates the alleged conduct of the local defendant, on one hand, to all the claims asserted in the action, on the other. The provision does not require that the local defendant's alleged conduct form a basis of *each* claim asserted; it requires the alleged conduct to form a *significant basis* of all the claims asserted. While assessing the quantity of claims based on the local defendant's alleged conduct may be useful to the analysis, the significant basis provision does not establish an absolute quantitative requirement. Nor is it necessary to imply such a quantitative requirement to make sense of the provision, for a party's conduct may form a significant basis of an entire set of claims even if some claims within the set are not based on that conduct.

In relating the local defendant's alleged conduct to all the claims asserted in the action, the significant basis provision effectively calls for comparing the local defendant's alleged conduct to the alleged conduct of all the Defendants. Indeed, all the claims asserted by the Plaintiffs reflect the alleged conduct of all the Defendants. If the local defendant's alleged conduct is a significant part of the alleged conduct of all the Defendants, then the significant basis provision is satisfied. Whether this condition is met requires a substantive analysis comparing the local defendant's alleged conduct to the alleged conduct of all the Defendants. We therefore reject the interpretation proposed by GEICO and Allstate NJ.[11]

---

[11]In the present case, the putative class and sub-class are comprised of members asserting claims against different and

23

Although no other court of appeals has considered whether the significant basis provision requires every member of the plaintiff class to assert a claim against the local defendant, in *Evans v. Walter Industries, Inc.*, 449 F.3d 1159 (11th Cir. 2006), the Eleventh Circuit had occasion to otherwise apply the provision. The reasoning in *Evans* suggests that the Eleventh Circuit would not interpret the provision as GEICO and Allstate NJ propose. In that case, numerous defendants were accused of polluting the environment over many years. The Eleventh Circuit concluded that plaintiffs failed to show that the local defendant played a significant role in the alleged contamination, so the significant basis provision was not satisfied. *Id.* at 1167. The accused facilities of the local defendant had either ceased operations by 1951 or were not near the location of the class members and the other defendants, so that the "evidence d[id] not indicate that a significant number or percentage of putative class members m[ight] have a claim against [the local defendant], or indeed that any plaintiff ha[d] such a claim." *Id.* Thus, it appears that, in the view of the Eleventh Circuit, the significant basis provision *could be* satisfied even if not every

unrelated insurers. Each member entered into a contract with only one insurer so that many putative class members did not enter into a contract with the local defendant, Allstate NJ. Here, we are not deciding the question of whether Plaintiffs have properly joined Defendants. Moreover, a ruling that the significant basis requirement is satisfied does *not* imply that the Defendants are properly joined. Defendants' joinder question may be resolved independently by the court, state or federal, properly exercising jurisdiction.

24

member of the putative class had a claim against the local defendant, as long as a "significant number or percentage of putative class members" did have such a claim. Our conclusion here is consistent with *Evans*.

Although the District Court correctly declined to adopt Defendants' interpretation, its significant basis analysis is flawed. The District Court analyzed whether Allstate NJ's alleged conduct formed a significant basis of the claims asserted in the action by considering the number of automobile insurance policies Allstate NJ had sold in New Jersey, as reflected in a document furnished by Plaintiffs.[12] Allstate NJ's more than 650,000 policies in force as of June 30, 2007 represented 13% of all the automobile insurance policies sold in New Jersey as of that date. Only one other insurer had more automobile insurance policies in force in New Jersey on that date.

From these numbers, the District Court concluded that Allstate NJ was a local defendant satisfying the significant basis provision because it had issued "substantially more policies" than other defendants and because it could not be considered "trivial or of no importance." *Kaufman v. Allstate Ins. Co.*, No. 07-cv-6160, 2008 WL 4224911, at *5 (D.N.J. Sept. 10, 2008). In this, the District Court simply used the number of insurance policies sold, and the percentage share of the market that number represented, as a proxy for the alleged conduct of the local defendant and of all the Defendants, whereas it is alleged conduct which must be demonstrated to satisfy the significant basis provision. The District Court took for granted that every

---

[12]As explained above, the District Court applied the local controversy exception to a previously dismissed defendant but noted its analysis would also apply to Allstate NJ. Because the analysis must apply to the Defendants currently in the action, we focus on the District Court's analysis as applied to Allstate NJ.

25

insurance policy sold by each Defendant violated New Jersey law and that no Defendant ever paid an insurance claim for diminished value, as alleged in Plaintiffs' complaint. That is, the District Court did not consider whether some policies sold by the Defendants actually did provide diminished value coverage or whether the Defendants occasionally paid for diminished value claims, nor did it compare Allstate NJ's alleged conduct to the alleged conduct of all the Defendants.

The District Court's reliance on nothing more than generic market share numbers does not comport with the language of the statute. As explained above, the significant basis provision relates the local defendant's "alleged conduct" to the alleged conduct of all the Defendants. 28 U.S.C. § 1332(d)(4)(A)(i)(II). The District Court's focus here must be the alleged conduct. Some of Allstate NJ's policies might not exclude diminished value automobile insurance claims. Or Allstate NJ might have made payments for such claims in some instances. In either case, the conduct alleged against Allstate NJ would be overstated if it were simply equated to the total number of policies sold by Allstate NJ. The same considerations apply to the alleged conduct of all the Defendants.

We also reject the assumption that the local defendant's conduct is significant as long as it is "more than trivial or of no importance." *Kaufman*, 2008 WL 4224911, at *3 (citing *Caruso v. Allstate Ins. Co.*, 469 F. Supp. 2d 364, 369 (E.D. La. 2007)). Whether the local defendant's alleged conduct is significant cannot be decided without comparing it to the alleged conduct of all the Defendants. The word "significant" is defined as "important, notable." *Oxford English Dictionary* (2d ed. 1989). The local defendant's alleged conduct must be an *important* ground for the asserted claims in view of the alleged conduct of all the Defendants.

Finally, the fact that the local defendant is a major player

26

in a particular market is also not determinative. The significance of the local defendant's alleged conduct must always be assessed in comparison to the alleged conduct of all the Defendants. We will therefore remand the case to the District Court to clarify its analysis of the "significant basis" provision consistent with this opinion.[13]

D.

So far, we have considered the arguments of only Defendants GEICO and Allstate NJ. Defendant Liberty raises a separate question. Liberty contends that the local controversy exception does not apply because the principal injuries provision is not satisfied. This provision requires that "principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(A)(i)(III).

---

[13]By way of example, the District Court could, on remand, inform its comparison of the local defendant's alleged conduct to the alleged conduct of all the Defendants by considering such possible areas of inquiry as: 1) the relative importance of each of the claims to the action; 2) the nature of the claims and issues raised against the local defendant; 3) the nature of the claims and issues raised against all the Defendants; 4) the number of claims that rely on the local defendant's alleged conduct; 5) the number of claims asserted; 6) the identity of the Defendants; 7) whether the Defendants are related; 8) the number of members of the putative classes asserting claims that rely on the local defendant's alleged conduct; and 9) the approximate number of members in the putative classes. Whether the District Court considers any or all of these factors, it must in every case still provide a reasoned analysis that focuses on the conduct of the Defendants—local and non-local—as alleged in the complaint.

Liberty argues that the District Court must interpret this provision to require that principal injuries resulting from the alleged conduct *and* any related conduct of each defendant be incurred in the state in which the action was originally filed. In other words, Liberty interprets the disjunctive "or" as a conjunctive "and." Liberty explains that it issues insurance policies providing identical coverage in other states and that its issuance of those policies constitutes "related conduct" for the purpose of the principal injuries provision. Under this interpretation, Plaintiffs cannot satisfy the local controversy exception because principal injuries resulting from some of Liberty's related conduct would be incurred outside of New Jersey. The District Court correctly rejected Liberty's argument.

Liberty's interpretation is at odds with the plain language of the provision. We need not inquire beyond that language. *Conn. Nat'l Bank*, 503 U.S. at 253–54 ("[i]n interpreting a statute, the Court looks first to the statute's plain meaning and, if the statutory language is clear and unambiguous, the inquiry comes to an end."). The provision invokes "the alleged conduct or any related conduct" in the disjunctive. As such, it is satisfied either 1) when principal injuries resulting from the alleged conduct of each defendant were incurred in the state in which the action was originally filed, "or" 2) when principal injuries resulting from any related conduct of each defendant were incurred in that state. In the instant case, the alleged conduct comprises the failure to insure or pay for diminished value claims in New Jersey. Plaintiffs are all citizens of New Jersey, the insurance policies were issued in New Jersey, and the putative class would be comprised of members with insurance policies issued in New Jersey. To the extent there are any injuries resulting from the alleged conduct, those injuries were incurred in New Jersey. Hence, the principal injuries provision

28

is satisfied.[14]

For the reasons stated, we will vacate in part the judgment of the District Court and remand this case for further consideration consistent with this opinion.

---

[14]Plaintiffs also countered that there could be no related conduct outside of New Jersey because the complaint targeted insurance policies issued under New Jersey law to New Jersey citizens. Plaintiffs essentially dispute Liberty's definition of "related conduct." We need not address the meaning of "related conduct" to resolve the issue Liberty raises, and leave that question for another day.