**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2882
_____

DONNA CHEESMAN

v.

CAPITAL HEALTH SYSTEM INC, DBA Capital Health,
Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 3:23-cv-01247)
U.S. District Judge: Honorable Zahid N. Quraishi
_____

No. 23-3049
_____

HILLARY BARNETT

v.

VALLEY HEALTH SYSTEM, INC.
doing business as The Valley Hospital, Inc.,
doing business as Valley Home Care, Inc.,
doing business as Valley Medical Group,
Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2:23-cv-00185)
U.S. District Judge: Honorable Evelyn Padin

Submitted Under Third Circuit L.A.R. 34.1(a)
March 13, 2025
_____

Before: SHWARTZ, KRAUSE, and CHUNG, Circuit Judges.

(Filed: March 19, 2025)
_____

OPINION[*]
_____

SHWARTZ, Circuit Judge.

In this consolidated appeal, Capital Health System Inc. and Valley Health System Inc. challenge the remand of cases they had removed to federal court based upon the federal officer removal statute, 28 U.S.C. § 1442(a)(1), and, in Valley Health's case, also based on the Class Action Fairness Act ("CAFA"), id. §§ 1332(d), 1453, 1711-15. Because removal was improper on either ground, we will affirm.

I

Capital Health and Valley Health are New Jersey hospital systems with websites that allow visitors, among other things, to book appointments, find doctors, research treatments, and investigate accepted insurance. While using these website features, users were sometimes required to input personal health data. The websites had "automatic rerouting mechanisms," CA47 ¶ 18, that disclosed users' data to third parties such as

_____

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

2

Facebook, id. ¶¶ 18-20; VA52 ¶ 4.[1]  Facebook in turn used that data to target digital

advertisements at those users across its platforms.

Hillary Barnett and Donna Cheesman are Valley Health and Capital Health

patients, respectively, and New Jersey citizens.  Each sued their hospital in the New

Jersey Superior Court on their own behalf and on behalf of a putative class,[2] alleging that

the hospitals' disclosure of their personal health information to Facebook violated their

privacy rights under New Jersey law.  Valley Health and Capital Health removed the

cases to the United States District Court for the District of New Jersey, asserting that the

federal officer removal statute supported removal.  Valley Health also relied on CAFA as

a basis for removal.

Both plaintiffs filed motions to remand, which the District Courts granted.  Doe v.

Valley Health Sys., Inc., No. 2:23-cv-00185, 2023 WL 6997301, at *2-4 (D.N.J. Oct. 24,

2023) (Padin, J.); Doe v. Capital Health Sys., Inc., No. 3:23-cv-01247, 2023 U.S. Dist.

LEXIS 167393, at *16 (D.N.J. Sept. 19, 2023) (Quraishi, J.).  In each case, the District

Court held that the hospital's voluntary participation in a federal program that

---

[1] "VA" refers to the appendix filed by Valley Health in appeal number 23-3049; "CA" refers to Capital Health's appendix filed in appeal number 23-2882.

[2] Barnett's proposed class includes,

> [d]uring the fullest period allowed by law, all New Jersey citizens who are, or were, patients of Valley Health System, Inc. or any of its affiliates and who exchanged communications at [Valley Health]'s websites . . . that caused disclosures of patient personally identifiable information and communications to third parties, including (but not limited to) Facebook.

VA86 ¶ 150.  Cheesman defines her proposed class almost identically.  CA85 ¶ 170.

incentivized the creation and use of electronic health record systems[3] did not mean they were "acting under" the United States, its agencies, or its officers, as required for federal officer removal. Valley Health, 2023 WL 6997301, at *2-4; Capital Health, 2023 U.S. Dist. LEXIS 167393, at *15. In Valley Health, the Court further held that it lacked jurisdiction under CAFA because Valley Health failed to demonstrate that the parties' citizenship was at least minimally diverse. Valley Health, 2023 WL 6997301, at *5-6.

Valley Health and Capital Health appeal.

II[4]

The District Courts correctly held that removal under the federal officer removal statute and, in the case of Valley Health, under CAFA, was improper.

A

---

[3] The Health Information Technology for Economic and Clinical Health Act ("HITECH Act"), Pub. L. No. 111-5, §§ 13001-13424, 123 Stat. 115, 226-79 (2009), seeks, among other things, to encourage healthcare providers to implement electronic health records systems. See 42 U.S.C. §§ 300jj-11(b), 300jj-31. Providers who adopt such technology receive incentive payments from the Government, id. § 1395w-4(o), while those who fail to adopt them receive reduced reimbursement payments for Medicare services, id. § 1395w-4(a)(7). The HITECH Act thus does not require providers to adopt these digital systems but financially incentivizes them to do so. See id. § 1395w-4.

[4] Upon removal, the District Courts "had the obligation and power to determine [their] own jurisdiction." Mohr v. Trs. of Univ. of Pa., 93 F.4th 100, 104 (3d Cir. 2024). We have jurisdiction to review those determinations under 28 U.S.C. §§ 1291 and 1447(d). Our authority under § 1447(d) to review the orders remanding these actions extends to all grounds raised for removal. See BP P.L.C. v. Mayor & City Council of Balt., 141 S. Ct. 1532, 1538 (2021). We review a district court's decision to remand for lack of subject matter jurisdiction de novo. Maglioli v. All. HC Holdings LLC, 16 F.4th 393, 403 (3d Cir. 2021).

4

The federal officer removal statute, 28 U.S.C. § 1442(a)(1), allows certain officers of the United States and "private persons who lawfully assist a federal officer in the performance of his official duty" to remove state court actions against them to federal court. Mohr v. Trs. of Univ. of Pa., 93 F.4th 100, 104 (3d Cir. 2024) (alteration omitted) (quoting Watson v. Philip Morris Cos., 551 U.S. 142, 151 (2007)). To remove an action under the statute, defendants must establish that (1) they are "a 'person' within the meaning of the statute"; (2) the plaintiff's claims are "based upon the defendant 'acting under' the United States, its agencies, or its officers"; (3) the plaintiff's claims are "'for or relating to' an act under color of federal office"; and (4) they "raise a colorable federal defense to the plaintiff's claims." Id. (quoting Maglioli v. All. HC Holdings LLC, 16 F.4th 393, 404 (3d Cir. 2021)).

Valley Health and Capital Health mistakenly assert that their cases are removable because the plaintiffs' claims arise from their compliance with the HITECH Act's incentive program promoting the adoption of electronic health records systems. In Mohr v. Trustees of the University of Pennsylvania, 93 F.4th 100 (3d Cir. 2024), we explained that one does not "'act[] under' the United States, its agencies, or its officers," simply by participating in the HITECH Act's incentive program. Id. at 105-06.[5] Thus, the federal officer removal statute does not provide a basis for removal of these state court actions, and the District Courts properly remanded them.

---

[5] Valley Health appears to concede that Mohr governs.

B

Valley Health's alternative argument that its case is removable under CAFA also fails. Under CAFA, "federal courts have jurisdiction over class actions in which [(1)] the amount in controversy exceeds $5,000,000 in the aggregate, [(2)] any class member and any defendant are citizens of different states, and [(3)] there are at least 100 members in the putative class." Kaufman v. Allstate N.J. Ins. Co., 561 F.3d 144, 149 (3d Cir. 2009) (citations omitted).

Here, Valley Health fails to satisfy element two because it cannot show there is minimal diversity of citizenship among the parties, which is necessary for CAFA jurisdiction. Id.; see also 28 U.S.C. § 1441(a) (providing that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant" to the appropriate district court). According to the complaint, both Valley Health and Barnett are New Jersey citizens and Barnett's proposed class consists of,

> [d]uring the fullest period allowed by law, all New Jersey citizens who are, or were, patients of Valley Health System, Inc. or any of its affiliates and who exchanged communications at [Valley Health]'s websites . . . that caused disclosures of patient personally identifiable information and communications to third parties, including (but not limited to) Facebook.

VA86 ¶ 150.

Valley Health argues that because Barnett did not "circumscribe her class temporally," she included putative class members who had since become citizens of other states. Valley Opening Br. 43. It is mistaken. We determine "[c]itizenship of the

6

members of the proposed plaintiff classes . . . as of the date of filing of the complaint."
28 U.S.C. § 1332(d)(7). Therefore, any Valley Health patient who was once a New Jersey citizen but took up citizenship elsewhere by the time the complaint was filed is necessarily excluded from the proposed class. Doe v. SSM Health Care Corp., 126 F.4th 1329, 1333-34 (8th Cir. 2025); Johnson v. Advance Am., 549 F.3d 932, 936-37 (4th Cir. 2008); In re Sprint Nextel Corp., 593 F.3d 669, 676 (7th Cir. 2010). Because the proposed class contains only New Jersey citizens, diversity of citizenship is absent.

Further, "CAFA does not change the proposition that the plaintiff is the master of her own claim" and a plaintiff may limit her claims to avoid federal subject matter jurisdiction. Morgan v. Gay, 471 F.3d 469, 474 (3d Cir. 2006), abrogated on other grounds by Dart Cherokee Basin Operating Co. v. Owens, 574 U.S. 81 (2014); accord Johnson, 549 F.3d at 937; In re Sprint, 593 F.3d at 673. Barnett chose to limit the putative class to only New Jersey citizens. Thus, the case lacks the minimal diversity required for a court to exercise subject matter jurisdiction under CAFA and remand was required.

III

For the foregoing reasons, we will affirm.

7