**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BRETT F. WOODS and KATHLEEN
VALDES, for themselves and all others
similarly situated,

      Plaintiffs - Appellees,

v.

STANDARD INSURANCE COMPANY,
an Oregon insurance company; MARTHA
QUINTANA, a New Mexico resident,

      Defendants - Appellants.

No. 13-2160

**Appeal from the United States District Court**
**for the District of New Mexico**
**(D.C. No. 1:12-CV-01327-KBM-LAM)**

Jill B. Davenport (Keith R. Verges with her on the briefs), Figari & Davenport, L.L.P.,
Dallas, Texas, for the Appellants

Elizabeth Radosevich, Peifer, Hanson & Mullins, P.A., Albuquerque, New Mexico
(Robert E. Hanson and Matthew E. Jackson, Peifer, Hanson & Mullins, P.A., and
William H. Carpenter, William H. Carpenter Law Office, Ltd., Albuquerque, New
Mexico, with her on the briefs) for the Appellees.

Before **BACHARACH, McKAY,** and **McHUGH,** Circuit Judges.

**McHUGH,** Circuit Judge.

This appeal requires us to evaluate whether remand to the state court pursuant to the Class Action Fairness Act (CAFA) is required under either of two CAFA provisions: the state action provision, which excludes from federal jurisdiction cases in which the primary defendants are states; or the local controversy exception, which requires federal courts to decline jurisdiction where, among other things, there is a local defendant whose alleged conduct forms a significant basis for the claims asserted by plaintiffs and from whom plaintiffs seek significant relief. *See* 28 U.S.C. 1332(d)(4), (5).

Exercising jurisdiction pursuant to 28 U.S.C. § 1453(c)(1),[1] we conclude that neither provision provides a basis for remand, and therefore we reverse the decision of the magistrate judge[2] remanding the case to state court. But because we cannot determine whether Defendants have established the amount in controversy required to confer federal jurisdiction, we remand to the district court for the resolution of that issue.

## I. BACKGROUND

### A. *Factual History*

Plaintiffs Brett Woods and Kathleen Valdes are state employees who are representatives of the class of New Mexico state and local government employees

---

[1] In general, an order remanding a case to state court is not appealable. *See* 28 U.S.C. § 1447(d). However, CAFA permits this court to review an order remanding a case "if application is made to the court of appeals not more than 10 days after entry of the order." *Id.* § 1453(c)(1). Defendants filed a timely application to appeal, which we granted. We therefore have appellate jurisdiction.

[2] The parties consented to proceed before a United States Magistrate in the district court.

(collectively, Plaintiffs) who allege they paid for insurance coverage through payroll deductions and premiums pursuant to a policy issued by Standard Insurance Company (Standard), but did not receive the coverage for which they paid and, in some cases, were denied coverage entirely. Plaintiffs filed suit in New Mexico state court against three defendants: Standard, an Oregon company that agreed to provide the subject insurance coverage; the Risk Management Division of the New Mexico General Services Department (the Division), the state agency that contracted with Standard and is responsible for administering benefits under the policy; and Standard employee Martha Quintana, who Plaintiffs allege is responsible for managing the Division's account with Standard and for providing account management and customer service to the Division and state employees. We sometimes refer to Standard and Ms. Quintana, collectively, as Defendants.[3]

Plaintiffs filed a ninety-one-paragraph complaint, stating causes of action against Standard and the Division for breach of contract and unjust enrichment; against Standard for breach of fiduciary duty, breach of the implied duty of good faith and fair dealing, and Unfair Practices Act violations; and against Standard and Ms. Quintana for breach of the New Mexico Trade Practices and Fraud Act. As factual support for these claims, Plaintiffs allege the Division wrongfully deducted premiums from some state employees' wages and remitted them to Standard without first obtaining the evidence of insurability necessary to obtain term life insurance and accidental death and dismemberment insurance. Plaintiffs further assert Standard retained those premiums without actually

---

[3] The Division did not seek removal below and is not a party on appeal.

providing the paid-for coverage or reflecting in their records that Plaintiffs and other class members were insured. As a result, Plaintiffs claim Standard denied some state employees' coverage on the erroneous basis that they were not insured. Plaintiffs also allege Standard and the Division breached the terms of the insurance policy by failing to provide the promised coverage or to inform state employees of their obligation to submit evidence of insurability. In addition, they claim Standard created and the Division approved a misleading employee handbook that failed to notify state employees they were required to submit evidence of insurability as a prerequisite to obtaining coverage.

Plaintiffs mention Ms. Quintana only briefly in their complaint, describing in one paragraph Ms. Quintana's allegedly unlawful conduct. Specifically, Plaintiffs allege Ms. Quintana did not require state employees to submit evidence of insurability in exchange for Standard's acceptance and retention of premiums paid, and she "knew or should have known" that Standard was accepting premiums from the state employees without providing coverage. Aplt. Appx. 264. As the factual basis for this allegation, Plaintiffs generally allege Ms. Quintana "is Standard's locally based employee . . . who is responsible for providing account management and customer service" to the Division and state employees. Aplt. Appx. 257.

Plaintiffs claim all defendants are jointly and severally liable for actual, punitive, treble, and statutory damages, as well as for fees, costs, and interest. In addition, they seek declaratory judgment, enjoining the Division and Standard to provide coverage to the class members who wish to remain insured and to provide coverage for other class members until Standard and the Division have refunded those class members' premium

4

payments in full. Plaintiffs also seek general injunctive relief "as may be proper to require the Defendants to remedy any acts or practices which the Court may find to violate the rights of Plaintiffs and the Class," but specifically request that Standard be enjoined from denying Plaintiffs the insurance coverage for which they paid premiums.

## B. Procedural History

After Plaintiffs filed suit in New Mexico state court, Defendants filed a notice of removal, claiming the United States District Court for the District of New Mexico had federal jurisdiction under CAFA, which authorizes the removal of certain class actions from state to federal court, so long as the amount in controversy exceeds $5 million and the plaintiffs have established minimal diversity. *See Standard Fire Ins. Co. v. Knowles*, ___ U.S. ___, 133 S. Ct. 1345, 1348 (2013). Before a federal magistrate, Plaintiffs sought remand to state court, claiming that CAFA's state action and local controversy provisions precluded federal jurisdiction. Plaintiffs also sought remand on the alternate ground that Defendants had failed to establish the amount in controversy exceeded $5 million as required by CAFA. In response to Plaintiffs' challenge to the amount in controversy, Defendants pointed to an affidavit attached to their notice of removal, which they claimed established Plaintiffs' alleged damages exceeded $5 million.

The magistrate judge ordered the case remanded to state court. She held the state action exception did not apply because Standard is a primary defendant who is not a state entity, and the state action provision requires all primary defendants to be state entities. However, the magistrate judge concluded remand was proper pursuant to the local controversy exception because Ms. Quintana is a local defendant from whom Plaintiffs

5

sought "significant relief" and her conduct formed a "significant basis" for Plaintiffs' claims. The judge reasoned Ms. Quintana was significant because, as the sole New Mexico customer service representative, she could be the "key and ultimately solely responsible for the alleged mismanagement of the policy." Aplt. Appx. 614.

Because she ordered remand to the state court under the local controversy exception, the magistrate judge did not reach the issue of whether Defendants had established the requisite amount in controversy for federal CAFA jurisdiction. Defendants appeal the magistrate judge's order of remand.

## II. DISCUSSION

Defendants assert the magistrate judge erred by concluding Ms. Quintana is a significant local defendant. Defendants also urge this court to determine in the first instance that they have established the amount in controversy threshold for CAFA jurisdiction by showing Plaintiffs' alleged damages exceed $5 million. In turn, Plaintiffs ask us to affirm the decision of the magistrate judge under either CAFA's state action or significant local defendant provisions. They also claim Defendants have failed to demonstrate the damages at issue exceed $5 million. Accordingly, we examine three main issues to resolve this appeal. To begin, we consider whether the magistrate judge correctly rejected the state action provision as inapplicable. Second, we review the magistrate judge's determination that remand is appropriate under the local controversy exception. Because we conclude that neither provision requires remand to the state court, we finally consider whether Defendants have established that the amount in controversy exceeds $5 million.

6

## A. Standard of Review

Our review of the magistrate judge's interpretation of CAFA is de novo. *See Parson v. Johnson & Johnson*, 749 F.3d 879, 886 (10th Cir. 2014) ("We review the district court's ruling on the propriety of removal de novo." (internal quotation marks omitted)); *Coffey v. Freeport McMoran Copper & Gold*, 581 F.3d 1240, 1245 (10th Cir. 2009) (per curiam) (reviewing district court's interpretation of the local controversy exception de novo).

## B. Remand Pursuant to CAFA's Exclusionary Provisions

"CAFA was enacted to respond to perceived abusive practices by plaintiffs and their attorneys in litigating major class actions with interstate features in state courts." *Coffey v. Freeport McMoran Copper & Gold*, 581 F.3d 1240, 1243 (10th Cir. 2009) (per curiam). Accordingly, CAFA allows a federal court to assume original jurisdiction "if the class has more than 100 members, the parties are minimally diverse, and the 'matter in controversy exceeds the sum or value of $5,000,000.'" *Standard Fire Ins. Co. v. Knowles*, ___ U.S. ___, 133 S. Ct. 1345, 1348 (2013) (quoting 28 U.S.C. § 1332(d)(2), (d)(5)(B)).

In enacting CAFA, Congress intended to "expand substantially federal court jurisdiction over class actions." S. Rep. No. 109-14, at 43 (2005). Thus, "its provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant." *Id.* But mindful of principles of federalism, CAFA reserved to the state courts jurisdiction over primarily local matters. *See Coffey*, 581 F.3d at 1243. Of relevance to this case, the state action

provision excludes from federal jurisdiction cases in which the primary defendants are states against which the district court may be foreclosed from ordering relief. *See* 28 U.S.C. § 1332(d)(5). CAFA also includes the local controversy exception, which "'is intended to respond to concerns that class actions with a truly local focus should not be moved to federal court under this legislation because state courts have a strong interest in adjudicating such disputes.'" *Coffey*, 581 F.3d at 1243 (quoting S. Rep. No. 109-14, at 39).

CAFA places the burden on removing parties to establish that its basic requirements are met. However, once a defendant establishes removal is proper, a party seeking remand to the state court bears the burden of showing jurisdiction in federal court is improper under one of CAFA's exclusionary provisions. *Id.* (stating plaintiffs must show the elements of the significant local defendant exception are applicable); *Coleman v. Estes Exp. Lines, Inc.*, 631 F.3d 1010, 1013 (9th Cir. 2011) (placing the burden on the plaintiffs to establish that remand is proper under CAFA); *Greenwich Fin. Servs. Distressed Mortg. Fund 3 LLC v. Countrywide Fin. Corp.*, 603 F.3d 23, 26 (2d Cir. 2010) (same); *Westerfeld v. Indep. Processing, LLC*, 621 F.3d 819, 823 (8th Cir. 2010) (same); *Kaufman v. Allstate N.J. Ins. Co.*, 561 F.3d 144, 153 (3d Cir. 2009) (same); *Hart v. FedEx Ground Package Sys. Inc.*, 457 F.3d 675, 680 (7th Cir. 2006) (same); *Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1165 (11th Cir. 2006) (same).

Here, Plaintiffs bear the burden of establishing that remand is required under CAFA's state action provision or local controversy exception. For the reasons stated below, we conclude Plaintiffs have failed to meet that burden under either provision.

8

### 1. The State Action Provision

The state action provision excludes from federal jurisdiction "any class action in which . . . the primary defendants are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief." 28 U.S.C. § 1332(d)(5). Plaintiffs argue this provision presents an alternate ground on which we may affirm the magistrate judge's order of remand. They interpret the state action provision more broadly than the magistrate judge—who thought the provision required all primary defendants to be states, state officials, or state entities—and urge us to interpret it as precluding federal CAFA jurisdiction if any primary defendant is a state or state entity.[4] According to Plaintiffs, a contrary interpretation is inconsistent with the purpose of CAFA because it could allow a primary defendant—like the Division—to wholly escape liability under principles of Eleventh Amendment immunity. In contrast, Defendants advance an interpretation consistent with the magistrate judge's holding, contending the state action provision requires all primary defendants to be state entities from whom the district court may be precluded from ordering relief under the Eleventh Amendment. Defendants further argue Eleventh Amendment concerns are not relevant here because, although the Division is a primary defendant and a state entity, Standard is also a primary defendant, is not a state entity, and is thus subject to liability in the federal court.

---

[4] Although Plaintiffs challenge the magistrate judge's interpretation of the provision, they do not dispute that Standard is a primary defendant and is not a state entity.

9

In interpreting this provision, our analysis must begin and end with the language of the statute itself, "for where . . . the statute's language is plain, the sole function of the courts is to enforce it according to its terms." *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241 (1989) (internal quotation marks omitted); *Coffey*, 581 F.3d at 1245 ("[I]t is our primary task in interpreting statutes to determine congressional intent, using traditional tools of statutory construction. In ascertaining such congressional intent, we begin by examining the statute's plain language, and if the statutory language is clear, our analysis ordinarily ends." (internal quotation marks and alterations omitted)). Based on the plain language of the state action exception, we conclude it requires all primary defendants to be state entities.

The state action provision provides that CAFA jurisdiction "shall not apply to any class action in which—(A) the primary defendants are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief." 28 U.S.C. § 1332(d)(5)(A). The use of the definite article, "the," before the plural noun, "primary defendants," and the use of the plural verb, "are," leaves no doubt Congress intended the state action provision to preclude CAFA jurisdiction only when all of the primary defendants are states, state officials, or state entities. If Congress had intended otherwise, it could have expressly stated that federal CAFA jurisdiction shall not apply to any class action in which "a primary defendant is" a state, state official, or state entity. *See Mississippi ex rel. Hood v. AU Optronics Corp.*, ___ U.S. ___, 134 S. Ct. 736, 742 (2014) (determining CAFA's mass action provision—which allows removal of cases where "100 or more persons" are to be tried jointly—requires there be 100 or more

named plaintiffs, not 100 or more unnamed real parties in interest because if Congress had intended the latter, it could have easily drafted language to that effect).

This interpretation is also consistent with that of the United States Court of Appeals for the Fifth Circuit, which is the only federal circuit to have considered this precise issue. *See Frazier v. Pioneer Ams. LLC*, 455 F.3d 542, 546 (5th Cir. 2006) (holding the state action provision requires all primary defendants to be states, state officials, or state entities). And Plaintiffs have directed us to no court that has reached a contrary conclusion.[5] In light of CAFA's plain language, we see no reason to part company with the Fifth Circuit on this issue. *See Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1521 (10th Cir. 1991) ("Splitting the circuits always is something we approach with trepidation."); *United States v. Philip Morris USA, Inc.*, 396 F.3d 1190, 1201 (D.C. Cir. 2005) (noting that "we avoid creating circuit splits when possible").

Finally, although we are not unsympathetic to Plaintiff's argument that under our interpretation the Division may be shielded from liability under Eleventh Amendment immunity principles, we are bound by the statute's clear and unambiguous language. *See Frazier*, 455 F.3d at 546 (recognizing the possibility that its interpretation of the statute

---

[5] Rather, Plaintiffs cite *Hangarter v. Paul Revere Life Ins. Co.*, No. C 05-04558 WHA, 2006 WL 213834 (N.D. Cal. Jan. 26, 2006), a case in which the court did not interpret the statutory language, but instead examined only whether a party was actually a primary defendant, and *Gatti v. Louisiana*, No. CIV.A. 10-329-JJB, 2011 WL 1827437 (M.D. La. Feb. 25, 2011) *report and recommendation adopted*, CIV.A. 10-329-JJB, 2011 WL 1827356 (M.D. La. May 12, 2011), a case in which the court recognized that the law of the Fifth Circuit requires that *all* primary defendants must be state entities, but examined whether a state was, in fact, a primary defendant. Neither case supports Plaintiffs' interpretation of the state action provision of CAFA.

11

could preclude relief from one defendant, but concluding "that is the price of sovereign immunity, and in any event § 1332(d)(5)(A) is clear—all primary defendants must be states"). The statute plainly provides that a federal court lacks jurisdiction under the state action provision only if all primary defendants are state entities. Because it is undisputed Standard is a primary defendant and is not a state entity, the magistrate judge correctly determined the state action provision does not require remand of this class action to the state court.

### 2. The Local Controversy Exception

We next examine whether the magistrate judge correctly remanded this action to the state court under CAFA's local controversy exception. There are three requirements of the local controversy exception to federal CAFA jurisdiction:

> (I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;
>
> (II) at least 1 defendant is a defendant—
>        (aa) from whom significant relief is sought by members of the plaintiff class;
>        (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and
>        (cc) who is a citizen of the State in which the action was originally filed; and
>
> (III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and . . . during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons . . . .

28 U.S.C. §1332(d)(4)(A). A federal district court must decline to exercise jurisdiction under CAFA if the plaintiffs can satisfy all three of these requirements. *Coffey*, 581 F.3d at 1243. The parties agree Plaintiffs have met the first and third requirements—all of the members of the plaintiff class are New Mexico citizens, the principal injuries occurred in New Mexico, and no other class action has been filed in the preceding three-year period. *See* 28 U.S.C. § 1332(d)(4)(A)(i)(I), (III). Instead, the parties dispute whether Plaintiffs have established the second requirement, identified by this court as the significant "'local defendant'" requirement. *Coffey*, 581 F.3d at 1242 (quoting S. Rep. No. 109-14, at 40).

With respect to the significant local defendant requirement, Plaintiffs concede neither Standard nor the Division qualifies as a local defendant. And Defendants do not challenge Ms. Quintana's New Mexico citizenship. Thus, the narrow issue we must decide is whether Ms. Quintana satisfies prongs (aa) and (bb); in other words, whether her conduct forms a significant basis for the claims asserted by Plaintiffs, and whether Plaintiffs seek significant relief from her.

"[I]t is our primary task in interpreting statutes to determine congressional intent, using traditional tools of statutory construction." *Id.* at 1245 (internal quotation marks omitted). We begin our analysis by examining the statute's plain language and if the meaning of that language is clear, our inquiry is at an end. *See Ron Pair Enters., Inc.*, 489 U.S. at 241. "If the statute's plain language is ambiguous as to Congressional intent, 'we look to the legislative history and the underlying public policy of the statute.'" *United States v. Manning*, 526 F.3d 611, 614 (10th Cir. 2008) (quoting *United States v. LaHue*, 170 F.3d 1026, 1028 (10th Cir. 1999)); *see also Parson v. Johnson & Johnson*, 749 F.3d

13

879, 889 (10th Cir. 2014) (finding CAFA's legislative history relevant to an interpretation of a CAFA provision that permits "mass actions" to be tried jointly, even where the language was unambiguous).

CAFA itself does not describe the type or character of conduct that would form a "significant basis" of plaintiffs' claims or define the term "significant relief." And the scope of those terms is not apparent from the plain language of the statute, even when read in context. *Cf. Coffey*, 581 F.3d at 1245 (concluding the phrase "defendant from whom significant relief is sought" was not ambiguous such that it could be interpreted to mean "defendant from whom significant relief may be obtained," but not otherwise addressing the meaning of the phrase "significant relief"). Accordingly, we must turn to other sources to find its meaning. As discussed, Congress enacted CAFA to prevent abuse by plaintiffs and their attorneys litigating in state court class actions with interstate implications. *Coffey*, 581 F.3d at 1243. To further that purpose, we interpret the significant local defendant requirement strictly so that plaintiffs and their attorneys may not defeat CAFA jurisdiction by routinely naming at least one state citizen as a defendant, irrespective of whether that defendant is actually a primary focus of the litigation.

This approach is consistent with CAFA's legislative history, which indicates Congress intended the local controversy exception to be "narrow," with all doubts resolved "in favor of exercising jurisdiction over the case." S. Rep. No. 109-14 at 39, 42. The Senate Judiciary Committee report on CAFA explains that for the local controversy exception to apply there must be "at least one real defendant . . . whose alleged conduct is

14

*central* to the class's claims and from whom the class seeks significant relief." *Id.* at 28

(emphasis added). It further explains, "the Committee intends that the local defendant

must be *a primary focus* of the plaintiffs' claims—not just a peripheral defendant." *Id.* at

38 (emphasis added). "The defendant must be *a target* from whom significant relief is

sought by the class (as opposed to just a subset of the class membership), as well as being

a defendant whose alleged conduct forms a significant basis for the claims asserted by the

class." *Id.* (emphasis added); *accord Kaufman*, 561 F.3d at 157 (recognizing that the

statute requires defendant's conduct to be "significant" and the word "significant" is

defined as "important, notable" (quoting Oxford English Dictionary (2nd ed. 1989)).

Of particular interest to the present case, the Senate Judiciary Committee report

provides the following example to illustrate the bounds of the significant local defendant

requirement:

> [I]n a consumer fraud case alleging that an insurance company incorporated and based in another state misrepresented its policies, *a local agent of the company named as a defendant presumably would not fit this criteria*. He or she probably would have had contact with only some of the purported class members and thus would not be a person from whom significant relief would be sought by the plaintiff class viewed as a whole. *Obviously, from a relief standpoint, the real demand of the full class in terms of seeking significant relief would be on the insurance company itself.* Similarly, the agent presumably would not be a person whose alleged conduct forms a significant basis for the claims asserted. *At most, that agent would have been an isolated role player in the alleged scheme implemented by the insurance company.* In this instance, the real target in this action (both in terms of relief and alleged conduct) is the insurance company, and if that company is not local, this criterion would not be met.

S. Rep. 109-14, at 38 (footnote omitted) (emphasis added). As in this example,

Ms. Quintana's status as Standard's local agent is not enough, standing alone, to meet the

significant defendant requirement. Instead, Ms. Quintana must also be a real target of the litigation, rather than an isolated role player in the alleged scheme implemented by Standard and the Division. *See Coffey*, 581 F.3d 1242–45 (holding a company that had operated a smelter for many years on a property subsequently declared a superfund site, and against which all plaintiffs had asserted claims for joint and several liability, was a significant defendant for purposes of CAFA's local controversy exception).

Furthermore, in considering Ms. Quintana's significance as a defendant, we must compare her conduct with that of the other named defendants. *See id.* at 1244 ("[C]ourts generally have required that the local defendant's conduct be significant when compared to the alleged conduct of the other defendants and the relief sought against that defendant is a significant portion of the entire relief sought by the class." (internal quotation marks omitted)); *Westerfeld v. Indep. Processing, LLC*, 621 F.3d 819, 825 (8th Cir. 2010) (holding that the local defendant's conduct must be significant when compared to that of the class); *Kaufman*, 561 F.3d at 157 (same). When viewed under this lens, we have little difficulty concluding Ms. Quintana is not a significant local defendant because Plaintiffs have failed to carry their burden of establishing that her conduct forms a significant basis for their claims and they seek significant relief from her.[6]

---

[6] Plaintiffs urge us to limit our inquiry into whether Ms. Quintana is a significant local defendant to the allegations contained in the complaint. Because we conclude Plaintiffs have failed to carry their burden of establishing Ms. Quintana is a significant local defendant even if we so limit our inquiry, we need not determine whether consideration of extrinsic evidence would be appropriate. *But see Coleman v. Estes Exp. Lines, Inc.*, 631 F.3d 1010, 1019 (9th Cir. 2011) (recognizing that "Federal courts have disagreed on the question whether a district court may look only to the complaint in determining whether the criteria of subsections (aa) and (bb) have been satisfied" but

*a. Ms. Quintana's conduct does not form a significant basis for Plaintiffs' claims.*

Plaintiffs assert on appeal that because Ms. Quintana is alleged to be the sole person Standard employs to provide customer service for the Division's New Mexico accounts, her actions—or more specifically her failure to act—form a significant basis for Plaintiffs' claims. But Plaintiffs do not allege it was part of Ms. Quintana's job to collect evidence of insurability, make coverage determinations, record who had purchased insurance coverage, or verify that employees were in fact receiving coverage. Likewise, the complaint contains nothing to suggest Ms. Quintana ever collected or retained premiums, solicited any employee to purchase insurance, enrolled state employees, or had any actual contact with Plaintiffs or class members. And Plaintiffs do not allege Ms. Quintana made any false or misleading statements or disseminated any false or misleading information. *Cf. Vodenichar v. Halon Energy Props., Inc.*, 733 F.3d 497, 507 (3d Cir. 2013) (concluding two companies were significant local defendants where they, as agents for the class members, entered into an agreement with another defendant, but failed to ensure the agreement conformed to that defendant's requirements and made

concluding that courts should look only to the allegations in the complaint). *Compare* 28 U.S.C. §1332 (d)(4)(A)(i)(II)(aa), (bb) (stating that at least one defendant must be a defendant whose "*alleged* conduct forms a significant basis for the claims asserted," and from whom "significant relief is *sought*" (emphasis added)), *Coffey v. Freeport McMoran Copper & Gold*, 581 F.3d 1240, 1245 (10th Cir. 2009) (focusing on the allegations in the complaint in determining whether a company was a significant local defendant under prong (aa), but considering extrinsic evidence under (cc)'s citizenship prong), *and Kaufman v. Allstate N.J. Ins. Co.*, 561 F.3d 144, 157 (3d Cir. 2009) (directing lower court to focus on allegations in complaint, not extrinsic evidence in evaluating whether a party is a significant local defendant), *with Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1167–68 (11th Cir. 2006) (considering extrinsic evidence when addressing the significant conduct prong).

negligent misrepresentations to plaintiffs regarding the agreement). Rather, the sole basis of Plaintiffs' claim against Ms. Quintana is that she violated the New Mexico Trade Practices and Fraud Act by failing to disclose the Division's and Standard's allegedly unlawful practices to the state employees. This is inadequate to make her a significant defendant.

Our decision in *Coffey* supports this conclusion. There, we examined whether a defendant, Blackwell Zinc Company, which had operated a smelter in a town the Environmental Protection Agency later declared a Superfund site, was a significant local defendant for the purposes of the local controversy exception of CAFA. *Coffey*, 581 F.3d at 1242–43. Although we agreed with the district court that it was, our analysis supports a contrary result in the present case. In *Coffey*, we noted all class members had claims against the company—as opposed to a mere subset of class members; all class members were seeking to hold the company jointly and severally liable for all of plaintiffs' damages, and, given the fact that the company was the operator of the smelter for a significant period of time, it was reasonably likely it would be held at least equally responsible for plaintiffs' damages as the other defendants, if not more so. *Id.* at 1244–45.

Unlike the allegations against the smelter operator in *Coffey*, the allegations against Ms. Quintana do not support the conclusion that she is a significant defendant. From both a quantitative and qualitative perspective, Plaintiffs' complaint makes clear Standard and the Division, not Ms. Quintana, are the primary focus and targets of Plaintiffs' claims. Plaintiffs allege only one cause of action against Ms. Quintana—that she *and* Standard violated the New Mexico Trade Practices and Frauds Act. In

18

comparison, they allege claims for breach of contract and unjust enrichment against Standard and the Division, as well as claims for breach of fiduciary duty, breach of the duty of good faith and fair dealing, and violations of the Unfair Practices Act against Standard alone. And Plaintiffs refer to Ms. Quintana only briefly throughout the ninety-one-paragraph complaint. Instead, the majority of the factual allegations relate to Standard's and the Division's breach of the insurance contract, the allegedly misleading information contained in the employee benefit handbook, and the Division's and Standard's allegedly wrongful conduct in accepting and retaining premiums without providing the paid-for coverage or listing employees as insured.

Furthermore, even when we examine the complaint's brief references to Ms. Quintana, her alleged actions do not form a significant basis for Plaintiffs' claims. The complaint describes Ms. Quintana's allegedly unlawful conduct in only one paragraph, which alleges she did not require state employees to submit evidence of insurability in exchange for Standard's acceptance and retention of premiums paid, and she "knew or should have known" Standard was accepting premiums from the state employees without providing coverage. However, absent from the complaint is any allegation of conduct by Ms. Quintana illustrating she played a significant role in the Division's and Standard's alleged scheme. Plaintiffs do not allege Ms. Quintana's participation in any discussions about the scheme, her knowledge that the Division and Standard were not keeping records of employees who had paid premiums, or any obligation she had to collect evidence of insurability, make coverage determinations, record who had purchased insurance coverage, or verify employees were in fact receiving

19

coverage. The complaint simply identifies Ms. Quintana as an account manager and customer service representative. Moreover, although the complaint alleges Ms. Quintana "knew or should have known" Standard retained the premiums without providing coverage, it makes no factual allegations as to why Ms. Quintana knew or should have known about Standard's and the Division's allegedly unlawful conduct, apart from the fact that she is the account manager and customer service representative.

Thus, our holistic review of the complaint reveals Plaintiffs' primary focus is the Division's and Standard's creation and implementation of a scheme to accept and retain premiums without providing the paid-for coverage, not Ms. Quintana's failure to discover and disclose to Plaintiffs this alleged scheme. For this reason, Plaintiffs have failed to carry their burden of establishing Ms. Quintana's conduct forms a significant basis of their claims for the purposes of the local controversy exception.

b. *Ms. Quintana is not a defendant from whom Plaintiffs seek significant relief.*

Plaintiffs' failure to carry their burden of establishing that Ms. Quintana's conduct forms a significant basis for Plaintiffs' claims precludes application of the local controversy exception. S*ee* 28 U.S.C. § 1332(d)(4)(A)(i)(II) (listing the significant relief and significant conduct prongs as required elements); *Evans*, 449 F.3d at 1167 n.7 (concluding that even if plaintiffs established that they sought significant relief from a defendant, remand was improper because they failed to establish the defendant's significant conduct). For reasons we now discuss, we also conclude Ms. Quintana is not a defendant from whom Plaintiffs seek significant relief.

20

The fact that Ms. Quintana may not have financial resources at the same level as Standard or the Division is not dispositive of whether she is a defendant from whom Plaintiffs seek significant relief. *See Coffey*, 581 F.3d at 1245. But irrespective of Ms. Quintana's financial ability to pay damages, Plaintiffs have primarily targeted the Division and Standard as the parties from whom they seek significant relief.

As discussed, of the six causes of action asserted in Plaintiffs' complaint, only one is asserted against Ms. Quintana—that both she and Standard violated the New Mexico Trade Practices Act. In contrast, Plaintiffs seek damages for breach of contract and unjust enrichment from the Division and Standard. Plaintiffs seek declaratory relief against Standard and the Division, and only the Division and Standard can refund premiums to Plaintiffs, provide the paid-for coverage, or allow members of the class to remain insured. Although Plaintiffs also seek injunctive relief "as may be proper to require the Defendants to remedy any acts or practices which the Court may find to violate the rights of Plaintiffs and the Class," the specific injunctive relief they seek is that Standard be enjoined from denying Plaintiffs the insurance coverage for which they paid premiums, relief Ms. Quintana is in no position to provide. Furthermore, Plaintiffs' assertion that the defendants are jointly and severally liable cannot alter Ms. Quintana's actual significance as a defendant. *Cf. id.* at 1242–45 (company was a significant local defendant where Plaintiffs sought to hold it jointly and severally liable for all damages and it was reasonably likely that it would be held at least equally responsible for plaintiffs' damages as the other defendants, if not more so). As compared to the Division and Standard, Plaintiffs simply do not seek significant relief from Ms. Quintana.

21

In sum, Plaintiffs have failed to meet their burden of establishing Ms. Quintana is a local defendant whose alleged conduct forms a significant basis for Plaintiffs' claims or that she is a defendant from whom they seek significant relief. Therefore, the local controversy exception to CAFA jurisdiction does not apply and the magistrate judge's remand to the state court on this basis was improper.[7]

### C. Amount in Controversy

Although remand is not mandated by the state action or local controversy provisions, to establish federal jurisdiction under CAFA, Defendants bear the burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $5 million. *See Frederick v. Hartford Underwriters Ins. Co.*, 683 F.3d 1242, 1246–47 (10th Cir. 2012). The parties dispute whether Defendants have met this burden and the magistrate judge declined to decide this factual issue. The parties disagree on the number of state employees who make up the class, the value of the premiums paid, and the admissibility of Defendants' evidence related to the amount in controversy. Therefore, calculation of the amount in controversy is impossible without resolution of those disputes.[8] We therefore remand to the district court to determine in the first instance

---

[7] Defendants claim the magistrate erred by declining to consider the weakness of Plaintiffs' claims against Ms. Quintana under the New Mexico Trade Practices and Fraud Act. *But* s*ee Coffey*, 581 F.3d at 1245 (cautioning against holding mini trials to evaluate whether the local controversy exception applies). We do not decide this issue because, even if we assume Ms. Quintana could be personally liable under the New Mexico Trade Practices and Fraud Act, we would conclude Plaintiffs failed to carry their burden of establishing she is a significant local defendant for the reasons already explained.

[8] Plaintiffs have not challenged the sufficiency of Defendants' notice of removal, which alleged the amount in controversy exceeded $5 million and also included extrinsic

whether the amount in controversy exceeds $5 million. *See Dutcher v. Matheson*, 733 F.3d 980, 989–90 (10th Cir. 2013) (whether CAFA's requirements "have been met is a question that is best left to the district court to decide in the first instance on remand."). If the district court finds it does, Defendants have established federal jurisdiction under CAFA and the action should proceed. But if the amount in controversy does not exceed $5 million, federal CAFA jurisdiction will not lie and the action must be remanded to the state court.

## III.   CONCLUSION

For the foregoing reasons, neither the state action nor local controversy provisions of CAFA require remand of this action to the state court. But until the factual disputes concerning the amount in controversy are resolved, we are unable to determine whether Defendants have established jurisdiction under CAFA. Accordingly, we **REVERSE** the decision of the magistrate judge and **REMAND** for further proceedings consistent with this decision.

---

evidence Defendants assert establishes the amount in controversy. Therefore, we assume for the purposes of this appeal that the notice of removal is sufficient, and express no opinion regarding whether extrinsic evidence of federal jurisdiction was required at the removal stage. Whether such extrinsic evidence can be required at the removal stage is an open question currently before the Supreme Court. *See Owens v. Dart Cherokee Basin Operating Co.*, No. 12-4157-JAR-JPO, 2013 WL 2237740 (D. Kan. May 21, 2013) (granting motion to remand on the basis that a notice of removal was insufficient as a matter of law where it failed to provide evidentiary support "such as an economic analysis . . . or settlement estimates" establishing the amount in controversy), *appeal denied*, No. 13-603, 2013 WL 8609250 (10th Cir. June 20, 2013), *reh'g denied*, 730 F.3d 1234 (10th Cir. 2013), *cert. granted*, 134 S. Ct. 1788 (2014).