FILED
United States Court of Appeals
Tenth Circuit

October 7, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

TONY R. WHISENANT, on behalf of
himself and all others similarly situated,

     Plaintiff - Appellant,

v.

SHERIDAN PRODUCTION
COMPANY, LLC,

     Defendant - Appellee.

No. 15-6154
(D.C. No. 5:15-CV-00081-M)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **PORFILIO**, and **BALDOCK**, Circuit Judges.

Tony R. Whisenant filed a class action in state court alleging that

Sheridan Production Company, LLC (Sheridan) failed to pay or underpaid royalties

for natural gas wells it operated in Beaver County, Oklahoma. Sheridan removed the

suit to federal court under the Class Action Fairness Act of 2005 (CAFA), 28 U.S.C.

§ 1332(d), and the district court denied Mr. Whisenant's motion to remand. Having

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

obtained this court's permission to appeal, *see id.* § 1453(c)(1); *Whisenant v. Sheridan Prod. Co.*, No. 15-603 (10th Cir. Aug. 12, 2015) (unpublished order), Mr. Whisenant now challenges the denial of the motion to remand. We reverse the district court's decision and remand for further proceedings.

"CAFA gives federal courts jurisdiction over certain class actions, defined in § 1332(d)(1), if the class has more than 100 members, the parties are minimally diverse, and the amount in controversy exceeds $5 million." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 552 (2014). Importantly, however, the amount in controversy must exceed $5 million "exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). This appeal concerns the interpretation of the phrase "exclusive of interest and costs."

The district court determined that the alleged unpaid royalties amounted to $3,721,797, which is less than the jurisdictional minimum. But the district court also held that, in cases involving payment of gas royalties, Oklahoma's Production Revenue Standards Act includes as actual damages 12% per annum interest on amounts that are not timely paid. *See* Okla. Stat. Ann. tit. 52, § 570.10(D)(1). The district court held that, under Oklahoma law, this "interest provision is part of the total liability recovered and is compensatory in nature, thereby constituting a part of the judgment, and is to be considered a part of the total liability recovered." Jt. App., Vol. 1 at 63. Accordingly, the district court added $1,512,869 in interest to the

unpaid royalties to arrive at an amount in controversy of at least $5,234,666, which satisfies CAFA's jurisdictional threshold.

Our review is de novo. *See Frederick v. Hartford Underwriters Ins. Co.*, 683 F.3d 1242, 1245 (10th Cir. 2012). Although we "look to state law to determine the nature and extent of the right to be enforced in a diversity case," determining the amount in controversy ultimately "is a federal question to be decided under federal standards." *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 352-53 (1961). "[O]ur primary task in interpreting statutes [is] to determine congressional intent, using traditional tools of statutory construction." *Woods v. Standard Ins. Co.*, 771 F.3d 1257, 1265 (10th Cir. 2014) (internal quotation marks omitted). "We begin our analysis by examining the statute's plain language and if the meaning of that language is clear, our inquiry is at an end." *Id.*

CAFA directs that the amount in controversy be calculated "exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). The parties have not directed us to, nor have we found, any CAFA cases construing this provision. But this is the same phrase that long has appeared in the general diversity-jurisdiction provision, 28 U.S.C. § 1332(a). "The normal rule of statutory construction assumes that identical words used in different parts of the same act are intended to have the same meaning." *Sorenson v. Sec'y of Treasury*, 475 U.S. 851, 860 (1986) (internal quotation marks omitted); *see also Nat'l Credit Union Admin. v. First Nat'l Bank & Tr. Co.*, 522 U.S. 479, 501 (1998) (noting "the established canon of construction that

similar language contained within the same section of a statute must be accorded a consistent meaning"). We therefore look to § 1332(a) cases for guidance.

This court's most instructive precedent is *State Farm Mutual Automobile Insurance Co. v. Narvaez*, 149 F.3d 1269, 1271 (10th Cir. 1998), in which the plaintiff insurance company relied on § 1332(a) to establish jurisdiction over its declaratory judgment action. Because the two insurance policies at issue had limits totaling exactly $50,000, rather than exceeding $50,000 as required for jurisdiction, the insurance company urged the court also to consider its claim that it did not owe the interest that the insured claimed was due on unpaid uninsured motorist benefits. *See id.* We rejected this suggestion, stating that "interest is not counted if it was an incident arising solely by virtue of a delay in payment of the underlying amount in controversy." *Id.* (internal quotation marks omitted). "[I]f [the insurer] was ultimately obligated to pay [the insured] the uninsured motorist benefits, the interest on the unpaid policies would arise solely by virtue of [the insurer's] delay in paying the insurance claim. This is precisely the type of interest that § 1332 prohibits us from considering." *Id.*

Other circuits also have adopted the view that "'[i]nterest' for purposes of § 1332(a) is a sum that becomes due because of delay in payment," *Principal Mut. Life Ins. Co. v. Juntunen*, 838 F.2d 942, 943 (7th Cir. 1988) (per curiam) (citing *Velez v. Crown Life Ins. Co.*, 599 F.2d 471, 473-74 (1st Cir. 1979)), and leading treatises agree, *see* 15 James Wm. Moore et al., *Moore's Federal Practice*

- 4 -

§ 102-106[5][b] (3d ed. 2015) ("For purposes of calculating the jurisdictional amount, a federal court may not look to any amount claimed as interest by the plaintiff that is attributable solely to a delay in payment or to a wrongful deprivation of funds."); 14AA Charles Alan Wright et al., *Federal Practice & Procedure* § 3712 (2011) ("[I]nterest uniformly is excluded . . . if it is only incidental to the claim the plaintiff is asserting or if it arises solely by virtue of a delay in the payment of an obligation." (footnote omitted)).  As stated by the First Circuit:

> When the statute requires that the amount in controversy "exceeds the sum * * * of $10,000, exclusive of interest and costs * * *" it makes no difference whether the interest which is sought accumulated upon the principal obligation sued upon because of contract, or by common law, or by statute, or whether the interest be termed a penalty or damages, so long as it is an incident arising solely by virtue of a delay in payment.

*Regan v. Marshall*, 309 F.2d 677, 678 (1st Cir. 1962) (alterations in original).

Under these authorities, the district court erred in holding that Oklahoma's statutory interest provision can be considered in determining the amount in controversy in this suit.  As in *Narvaez*, if Sheridan ultimately is obliged to pay royalties to the class members, the interest obligation would arise solely by virtue of its delay in paying those royalties.  It makes no difference that the obligation arises from an Oklahoma statute and may, under that statute, be termed damages.  *See Regan*, 309 F.2d at 678.  As *Narvaez* succinctly states, "[t]his is precisely the type of interest that § 1332 prohibits us from considering."  149 F.3d at 1271.

Offering an alternative ground to affirm the district court's denial of remand, Sheridan argues that instead of adding the statutory interest, we may add reasonable

attorney's fees to the unpaid royalties. Sheridan raised this argument before the district court, but the district court did not reach the issue because it already had determined that Sheridan satisfied the amount-in-controversy requirement. The parties' arguments indicate that this issue would benefit from being considered by the district court in the first instance. *See Woods*, 771 F.3d at 1270 (remanding for the district court to consider whether CAFA's amount-in-controversy requirement was met). We therefore decline to address Sheridan's alternative ground for affirmance.

The motion to seal Volume 2 of the joint appendix is granted. The judgment of the district court is reversed and this matter is remanded for further proceedings, including a determination of whether any amounts other than interest under Oklahoma's Production Revenue Standards Act may be added to the alleged unpaid royalties to satisfy CAFA's amount-in-controversy requirement.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge