# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

———

No. 16-20384
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 1, 2017

Lyle W. Cayce
Clerk

———

GRAND VIEW PV SOLAR TWO, LLC;
CENTAURUS RENEWABLE ENERGY, L.L.C.,

Plaintiffs–Appellees
Cross–Appellants,

versus

HELIX ELECTRIC, INCORPORATED/HELIX ELECTRIC OF NEVADA,
   L.L.C., J.V., a California Partnership;
HELIX RENEWABLES, A CALIFORNIA JOINT VENTURE;
HELIX ELECTRIC,
   A NEVADA LIMITED LIABILITY COMPANY OF NEVADA, L.L.C.,
   Agent of Heliz Electric, a Nevada Limited Liability Company,

Defendants–Appellants
Cross–Appellees.

———

Appeals from the United States District Court
for the Southern District of Texas

———

No. 16-20384

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Defendants appeal a remand to state court.[1] The district court decided that it had no jurisdiction because defendants had granted "sole and exclusive" jurisdiction to the state courts. Finding no error, we affirm.

I.

Plaintiff Grand View PV Solar Two, L.L.C. ("Grand View"), owns a solar power project in Idaho. A second plaintiff, Centaurus Renewable Energy, L.L.C. ("Centaurus"), is a producer of renewable energy. In the first half of 2015, Grand View entered into two contracts with the Helix Entities, which have expertise in designing, equipping, and constructing solar power plants. In August 2015, Centaurus and Helix Electric, L.L.C., entered into a third agreement, the Mutual Confidentiality Agreement ("MCA"). At the time, Centaurus was in the process of acquiring Grand View, which occurred in September 2015. Centaurus signed the MCA in anticipation of acquiring Grand View and entering into a final agreement with the Helix Entities to construct the solar power plant.

The MCA requires the parties to maintain the confidentiality of certain project-related materials. The parties and their "subsidiaries and affiliated companies" consented to the following forum-selection clause ("FSC"):

> The Parties hereto hereby irrevocably and unconditionally consent to the sole and exclusive jurisdiction of the courts of Harris County in the State of Texas for any action, suit or proceeding arising out of or relating to this Agreement or the Proposed Transaction, and agree not to

---

[1] There are four defendants: Helix Electric, Incorporated/Helix Electric of Nevada, L.L.C., J.V., a California Partnership ("Helix Partnership"); Helix Electric, Inc. ("Helix Electric"); Helix Renewables, a California Joint Venture ("Helix J.V."); and Helix Electric of Nevada, L.L.C., a Nevada Limited Liability Company ("Helix Electric, L.L.C."). We refer to defendants collectively as "the Helix Entities."

commence any action, suit or proceeding related thereto except in such courts. The Parties hereto further hereby irrevocably and unconditionally waive any objection to the laying of venue of any action, suit or proceeding arising out of or relating to this Agreement in the courts of Harris County in the State of Texas, and hereby further irrevocably and unconditionally waive and agree not to plead or claim in any such court that any such action, suit or proceeding brought in any such court has been brought in an inconvenient forum.

Negotiations between Centaurus and the Helix Entities soon broke down. In October 2015, Helix Electric's president accused Centaurus of breaching the MCA. Centaurus denied that charge. In November 2015, Centaurus and Grand View sued the Helix Entities in Harris County state court, alleging that the Helix Entities had breached their earlier contracts with Grand View and, among other things, requesting a declaratory judgment to determine rights under the MCA.

In December 2015, the Helix Entities sued Grand View and Centaurus in California federal court and removed the Texas state suit to the federal court *a quo*. In January 2016, Centaurus and Grand View moved to remand, and the district court agreed. The Helix Entities appeal.[2]

## II.

A contractual clause prevents removal where the clause amounts to a "clear and unequivocal" waiver of removal rights. *City of New Orleans v. Mun. Admin. Servs., Inc.*, 376 F.3d 501, 504 (5th Cir. 2004). "A party may waive its rights by explicitly stating that it is doing so, by allowing the other party the right to choose venue, or by establishing an exclusive venue within the contract." *Id.* Ambiguous language cannot constitute a "clear and unequivocal" waiver. *Id.* at 505–06. Under Texas law, a contract "is ambiguous when its

---

[2] We have jurisdiction to review remand orders that are based on FSCs. *Waters v. Browning-Ferris Indus., Inc.*, 252 F.3d 796, 797 (5th Cir. 2001).

meaning is uncertain and doubtful or it is reasonably susceptible to more than one meaning." *Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983) (citation omitted).  Because removal must be unanimous, a single defendant's waiver of its removal rights is enough to defeat removal.  *Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir. 1986).  "[A]ny doubt about the propriety of removal must be resolved in favor of remand."  *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

Plaintiffs correctly allege that Helix Electric waived its removal rights by agreeing in the MCA to "the sole and exclusive jurisdiction of the courts of Harris County in the State of Texas for any action, suit or proceeding arising out of or relating to this Agreement or the Proposed Transaction."[3]  The MCA's FSC is "clear and unequivocal":  It gives Harris County state courts exclusive jurisdiction over disputes such as the one plaintiffs brought in that county.  Because Helix Electric, L.L.C., agreed to the MCA's terms, it cannot remove, and neither can its co-defendants.

The Helix Entities claim that the MCA's FSC does not bar them from removing.  They advance two theories.  The first is that the words of the FSC are ambiguous.  The Helix Entities cite three grounds:  (1) It is not clear what "Proposed Transaction" means; (2) it is not evident whether Grand View qualifies as a subsidiary or affiliated company under the MCA; and (3) the FSC omits the term "Proposed Transaction" from its waiver-of-objection sentence.  In fact, none of this renders the FSC ambiguous.

Texas courts determine whether a clause is ambiguous "by looking at the

---

[3] Where an FSC grants exclusive jurisdiction to the "the Courts of Texas," it is referring to Texas state courts, not just courts located in Texas. *Dixon v. TSE Int'l, Inc.*, 330 F.3d 396, 398 (5th Cir. 2003) (per curiam).  This FSC therefore refers to state courts in Harris County.

contract as a whole in light of the circumstances present when the contract was entered." *Coker*, 650 S.W.2d at 394 (citation omitted). It is obvious from the context that "Proposed Transaction" refers to the solar-power-plant project— the proposed transaction that the parties were contemplating when the MCA was drafted. Likewise, it is clear from the context that Grand View is a subsidiary or affiliated company of Centaurus under the MCA. Though Centaurus had not yet acquired Grand View when the parties entered into the MCA, the contract was drafted in anticipation of Centaurus's acquisition of Grand View.[4]

The Helix Entities draw the negative inference that the omission of "Proposed Transaction" from one sentence of the FSC was meant to contradict the previous sentence's explicit statement vesting "sole and exclusive jurisdiction . . . for any action, suit or proceeding arising out of . . . the Proposed Transaction." But this is not a reasonable interpretation. The Helix Entities read clear language out of the contract on the basis of a negative inference.

The Helix Entities' second argument is that the FSC does not cover Plaintiffs' claims. They reason that those claims derive from the two contracts Grand View entered into before the MCA took effect and therefore should be governed by those contracts' California FSCs.[5]

Again, we disagree. Plaintiffs' claims relate to the "Proposed Transaction"—the plan to build a solar power plant in the Idaho desert. Moreover, the lawsuit also relates to the MCA because plaintiffs are seeking a declaratory judgment to establish an affirmative defense that Centaurus did not breach

---

[4] The Helix Entities cite *VKK Corp. v. Nat'l Football League*, 244 F.3d 114, 130 (2d Cir. 2001), for the proposition that "affiliate" when used in a contract does not include companies that became affiliated after the contract took effect. But the contract in that case explicitly tied its operation to "the date of this Release." *Id.* The instant FSC does not include similar time-limited language.

[5] The California FSCs in the earlier contracts bind only the Helix Entities.

No. 16-20384

the agreement.  Accordingly, those claims are governed by the MCA's broadly worded FSC.

## III.

Plaintiffs petition for attorneys' fees under 28 U.S.C. § 1447(c).  The usual rule is that courts can award fees under that subsection only where "the removing defendant lacked objectively reasonable grounds to believe the removal was legally proper."  *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004) (internal quotation marks and citation omitted).

We review the district court's denial of fees for abuse of discretion.  *Garcia v. Amfels, Inc.*, 254 F.3d 585, 587 (5th Cir. 2001).  The court did not abuse its discretion.  In fact, the Helix Entities had an objectively reasonable basis for seeking removal even if, in our view, that effort was ultimately misguided.

## IV.

This FSC is similar to the one we examined in *Ensco Int'l, Inc. v. Certain Underwriters at Lloyd's*, 579 F.3d 442, 448–49 (5th Cir. 2009), in which we held that where a FSC is unambiguous, language vesting "exclusive jurisdiction" in a state court constitutes a waiver of removal rights.  We reach the same conclusion here.  The judgment of remand is AFFIRMED.