PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2156
_____

NORMAN WALSH, on behalf of himself
and others similarly situated

v.

DEFENDERS, INC., d/b/a Protect Your Home;
ADT SECURITY SERVICES, INC.;
B&R RECOVERY LLC

Defenders, Inc.; ADT Security Services, Inc.,
n/k/a Tyco Integrated Security LLC;
and ADT LLC,

Appellants
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 2-16-cv-00753)
Honorable Esther Salas, District Judge
_____

Submitted under Third Circuit L.A.R. 34.1(a)
July 2, 2018

BEFORE:  CHAGARES, BIBAS, and GREENBERG, <u>Circuit Judges</u>

(Opinion Filed:  July 9, 2018)

_____

Yongmoon Kim
Kim Law Firm
411 Hackensack Avenue
Suite 701
Hackensack, NJ 07601

Henry P. Wolfe
The Wolf Law Firm
1520 U.S. Highway 130
Suite 101
North Brunswick, NJ 08902

    *Counsel for Appellee*

Charles C. Eblen
Gregory Wu
Shook, Hardy & Bacon
2555 Grand Boulevard
Kansas City, MO 64108

    *Counsel for Appellants*

_____

OPINION OF THE COURT

_____

GREENBERG, <u>Circuit Judge</u>.

## I. INTRODUCTION

Defendants Defenders, Inc., ADT LLC, and ADT Security Services, Inc. ("ADT SSI-Tyco")[1] (collectively, "defendants") appeal with leave of this Court from the District Court's January 25, 2018 Memorandum and Order granting plaintiff Norman Walsh's motion to remand the case. Walsh filed this action in the Superior Court of New Jersey and sought an order to remand the case to that court after Defenders, Inc. removed the case to the District Court under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2). The District Court originally denied Walsh's motion to remand but, on Walsh's motion for reconsideration, granted the motion to remand based on CAFA's local controversy exception to district court class action jurisdiction in actions subject to CAFA. 28 U.S.C. § 1332(d)(4). Though we have granted defendants' petition for review of the remand order under 28 U.S.C. § 1453(c)(1), for the reasons set forth below, we will affirm that order.

## II. STATEMENT OF JURISDICTION AND STANDARD OF REVIEW

The issue on this appeal is whether the District Court

---

[1] Defendant ADT Security Services, Inc. is now known as Tyco Integrated Security Systems LLC ("TycoIS"). The change occurred during the events giving rise to this action, so we will refer to the entity as ADT SSI-Tyco. In their brief appellants refer to TycoIS as ADT SSI's "reformed corporate successor." Appellants' br. at 8.

should have retained jurisdiction or was required to remand the case to the Superior Court. District courts have jurisdiction, where requirements respecting diversity of citizenship and the amount in controversy are met, over class actions removed from state courts under CAFA, 28 U.S.C. § 1332(d)(2)(A). CAFA broadened federal diversity jurisdiction over interstate class actions of national importance. Standard Fire Ins. Co. v. Knowles, 568 U.S. 588, 595, 133 S.Ct. 1345, 1350 (2013). Specifically, 28 U.S.C. § 1332(d) provides district courts with original jurisdiction over cases that have (1) an amount in controversy over $5,000,000; (2) minimally diverse parties, meaning at least one member of the plaintiff class is a citizen of a state different from any defendant; and (3) a class consisting of at least 100 members. Id. at 592, 133 S.Ct. at 1348. The parties do not dispute, and we find that all three factors have been met, making this case subject to removal under CAFA unless there is an applicable exception to CAFA jurisdiction barring removal.

The local controversy exception to CAFA jurisdiction, at issue here, requires a district court to decline to exercise jurisdiction under CAFA over a class action involving a uniquely local controversy. 28 U.S.C. § 1332(d)(4)(A). We have jurisdiction to review a district court's CAFA remand order under 28 U.S.C. § 1453(c)(1), and we review issues of subject matter jurisdiction and statutory interpretation de novo. Vodenichar v. Halcon Energy Props., Inc., 733 F.3d 497, 502 (3d Cir. 2013).

## III. BACKGROUND

In February 2016, Walsh, a New Jersey citizen, filed an amended putative class action complaint against defendants in

4

the New Jersey Superior Court.[2] Walsh alleged that starting in December 2009 he and the class members purchased home security equipment and monitoring service from defendants and signed contracts that defendants prepared which contained illegal provisions relating to fees due on cancellation of the contracts. JA 92 (Am. Compl. ¶ 18). Walsh advances two claims based on the allegedly illegal provisions relating to fees due on cancellation of the contracts, one under New Jersey's Truth-in-Consumer Contract, Warranty and Notice Act ("TCCWNA"), N.J. Stat. Ann. §§ 56:12–14 et seq., and the other under the New Jersey Consumer Fraud Act ("NJCFA"), N.J. Stat. Ann. §§ 56:8–1 et seq.[3]

After Defenders, Inc., an Indiana corporation with its principal place of business in that state, removed the case invoking CAFA diversity jurisdiction to the District Court, see 28 U.S.C. § 1332(d)(2), (d)(2)(A), (d)(5)(B), Walsh moved to remand the case to the Superior Court. In his motion he claimed that ADT SSI-Tyco's presence in the case triggered CAFA's local controversy exception under which a district court must decline to exercise jurisdiction if the controversy is uniquely connected to the state in which the plaintiff originally filed the

---

[2] Walsh pleaded that he was a resident of New Jersey but did not plead that he was a citizen of New Jersey. The notice of removal, however, asserted that he was a New Jersey citizen and he has not contested that allegation.

[3] A magistrate judge in a report and recommendation to the District Court set forth Walsh's claims in more detail, so we need not repeat them. See 2016 WL 6775706, at *1.

state court action.[4] See Vodenichar, 733 F.3d at 506-07. Walsh argued that the exception applied, inter alia, because (1) ADT SSI-Tyco is a local defendant as it is a citizen of New Jersey, the state in which Walsh filed the case; (2) ADT SSI-Tyco's conduct forms a significant basis for the claims asserted; and (3) Walsh seeks significant relief from ADT SSI-Tyco. Walsh had to prevail on each argument to trigger the exception.

The District Court originally denied Walsh's motion to remand, Walsh v. Defenders, Inc., No. 2:16-cv-753, 2016 WL 6775634 (D.N.J. Nov. 15, 2016) ("Walsh I"), adopting in part a report and recommendation of a magistrate judge, see Walsh v. Defenders, Inc., No. 2:16-cv-753, 2016 WL 6775706 (D.N.J. July 15, 2016), recommending that it do so. Nevertheless, the Court agreed that ADT SSI-Tyco, though a Delaware LLC had New Jersey citizenship and was a local defendant in this New Jersey case.[5] In fact, ADT SSI-Tyco has been a New Jersey

_____

[4] The "local controversy exception" states in relevant part that "[a] district court shall decline to exercise [CAFA] jurisdiction . . . over a class action in which,"

> (II) at least 1 defendant is a defendant—
>      (aa) from whom significant relief is sought by members of the plaintiff class;
>      (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and
>      (cc) who is a citizen of the State in which the action was originally filed. . . .

28 U.S.C. § 1332(d)(4)(A)(i)(II).
[5] ADT SSI-Tyco is a LLC formed under Delaware Law. But it

citizen since 2012, when it converted from a Delaware corporation called ADT SSI, which was a citizen of Delaware and Florida, and consequently ADT SSI-Tyco was a local defendant when Walsh initiated this action. But the Court denied the motion to remand for reasons that we will explain below.

In considering the matter, the District Court adopted the magistrate judge's report and recommendation observing that after ADT SSI-Tyco changed its corporate form and citizenship in 2012, it made another important change with respect to its business organization. It assigned its assets and liabilities under its residential contracts, including the contracts at issue in this case, to ADT LLC, a citizen of Delaware. But ADT SSI-Tyco remained a viable entity after the assignment as it retained its commercial contracts and continued its operations. The Court found that ADT SSI-Tyco continued to be a local defendant despite the partial transfer of its assets and liabilities because "an assignment does not let an assignor off the hook." Walsh I, 2016 WL 6775634, at *2. Elsewhere in its opinion, however, the Court suggested that the transfer could lead to a remand.

In reliance on Johnson v. SmithKline Beecham Corp., 724 F.3d 337, 358 (3d Cir. 2013), where we said that "a federal court must disregard nominal or formal parties, and can base its jurisdiction only upon the citizenship of parties with a real interest in the litigation," the Court stated that "ADTSSI-Tyco appears to have no actual interest in the outcome of this litigation" because "ADTSSI-Tyco has transferred its liabilities

---

is a citizen of New Jersey because its sole member is a corporate citizen of New Jersey. See Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 420 (3d Cir. 2010).

7

to ADT LLC." Walsh I, 2016 WL 6775634, at *4 n.5. It is understandable that the Court took this view as Walsh based his case on claims arising from contracts that ADT SSI-Tyco transferred to ADT LLC.

The District Court saw other problems with the motion to remand because it ruled that Walsh did not show that ADT SSI-Tyco's conduct formed a significant basis for the claims of the proposed class, a requirement of the local controversy exception. The Court stated that Walsh failed to analyze any of the several factors we set out in Kaufman v. Allstate New Jersey Insurance Co., 561 F.3d 144, 157 n.13 (3d Cir. 2009), to guide evaluation of the significant-basis prong of the local controversy exception. Consequently, the Court denied Walsh's motion to remand, and did not reach the final disputed issue of whether Walsh sought significant relief from ADT SSI-Tyco, another element of the local controversy exception.

But the District Court did not settle the remand issue with its first order for Walsh moved for reconsideration and, in its consideration of this motion, the Court reversed its course. Walsh v. Defenders, Inc., No. 2:16-cv-753, 2018 WL 555690 (D.N.J. Jan. 25, 2018) ("Walsh II"). The Court found that Walsh satisfied the significant-basis element of the local controversy exception because of "new evidence [Walsh] obtained during class discovery." Id. at *2. The new evidence showed that ADT SSI-Tyco entered into the allegedly unlawful contracts with 35.3% of the putative class, and created the standardized contract provisions that form the basis of the entire class's claims. Id. The Court found that the evidence satisfied several of the factors that we set forth in Kaufman and concluded that ADT SSI-Tyco's conduct formed a significant basis for the claims asserted on behalf of the putative class. Id.

8

The District Court in Walsh II then reached Walsh's final argument that he sought significant relief from ADT SSI-Tyco. Id. at *3. The Court agreed with Walsh that he had done so, finding that the relief Walsh sought against ADT SSI-Tyco— money damages, statutory damages under TCCWNA, treble damages under the NJCFA, declaratory and injunctive relief, attorneys' fees and costs, and pre- and post-judgment interest— was significant enough to satisfy the local controversy exception to its jurisdiction. It thus appeared that all of the elements of the local controversy exception were present. The Court accordingly granted Walsh's motion by order of January 25, 2018, to reconsider its original ruling in which it had denied the remand motion and it remanded the case to the New Jersey Superior Court. Defendants then filed a timely petition for interlocutory review of the remand order that we have granted. We now consider the remand order on the merits.[6]

---

[6] There is a procedural wrinkle in this case arising from what appears to be Walsh's understandable pleading error in this confusing case. In his amended complaint, Walsh named as a defendant "ADT Security Services, Inc. . . . a foreign [i.e., non-New Jersey and thus not the ADT SSI-Tyco] corporation. . . ." JA 91 (Am. Compl. ¶ 5) and did not include ADT SSI-Tyco as a defendant. The parties agree, however, that ADT SSI, the predecessor to ADT SSI-Tyco, was dissolved in 2012 before Walsh initiated this case, and that the surviving business operates as ADT SSI-Tyco, a limited liability company. Despite naming the wrong entity, Walsh had process served on ADT SSI-Tyco. See JA 292. Moreover, ADT SSI-Tyco has participated in this litigation in several ways: it appeared with representation before the District Court; several briefs filed in the District Court were purportedly filed on its behalf; and it

9

## IV.  DISCUSSION

The local controversy exception to a district court's CAFA class action jurisdiction requires a court to decline to exercise jurisdiction over a class action where more than two-thirds of the proposed plaintiff class members and at least one defendant, here ADT SSI-Tyco, are citizens of the state in which the suit was filed, here New Jersey, provided that the local defendant is one "from whom significant relief is sought by members of the plaintiff class" and "whose alleged conduct forms a significant basis for the claims asserted." 28 U.S.C. § 1332(d)(4)(A)(i)(II)(aa), (bb).  Defendants do not contend that the two-thirds requirement was not met but they do argue that ADT SSI-Tyco cannot be considered a local defendant for purposes of the exception because it is not a real party in interest to this litigation.  In addition, defendants dispute whether the "significant relief" and "significant basis" prongs of the local controversy exception have been satisfied with respect to ADT SSI-Tyco, even if it is considered a local defendant for purposes of the CAFA exception.  For the following reasons, we conclude that ADT SSI-Tyco is a local defendant under CAFA from whom Walsh and the proposed class seek significant relief and that its alleged conduct forms a significant basis for the claims asserted.  For those reasons, we will affirm the order remanding this action to the state court from which it was removed.

### A.  ADT SSI-Tyco is a local defendant.

Defendants first challenge the conclusion that ADT SSI-

---

joined in the petition for interlocutory review of the Court's remand order.  These facts lead us to treat ADT SSI-Tyco—rather than ADT SSI—as the real defendant in this case.

Tyco is a local defendant. They recognize that Walsh filed this case in a New Jersey state court against ADT SSI-Tyco, and they do not deny that, as the District Court recognized, see Walsh II, 2018 WL 555690, at *2, ADT SSI-Tyco is a New Jersey citizen. But they claim that ADT SSI-Tyco is merely a "nominal party" without "a real interest in the litigation." Appellants' br. at 15 (quoting SmithKline Beecham, 724 F.3d at 358). Accordingly, they contend that the Court should have ignored ADT SSI-Tyco's citizenship in its jurisdictional analysis. If it had done so then it could not have said that there was a defendant who was a citizen of the state in which Walsh originally filed the action. We, however, disagree with defendants' contention that ADT SSI-Tyco is a nominal party. To the contrary, ADT SSI-Tyco has an interest in this litigation, and the Court correctly considered it in making its decision.

In determining whether there is diversity jurisdiction, a district court must consider the citizenship of defendants who are "real and substantial parties to the controversy." Navarro Sav. Ass'n v. Lee, 446 U.S. 458, 460, 100 S.Ct. 1779, 1781-82 (1980). "Thus, a federal court must disregard nominal or formal parties," id. at 461, 100 S.Ct. at 1782, "and can base its jurisdiction only upon the citizenship of parties with 'a real interest in the litigation,'" SmithKline Beecham, 724 F.3d at 358 (quoting Bumberger v. Ins. Co. of N. Am., 952 F.2d 764, 767 (3d Cir. 1991)).

Based on the evidence submitted on the motion to remand we believe that the key events on the jurisdictional issue were: (1) ADT SSI, a Delaware corporation, owned and drafted the residential contracts at issue here; (2) ADT SSI converted to ADT SSI-Tyco, a Delaware limited liability company with New Jersey citizenship; and (3) though ADT SSI-Tyco transferred the

11

residential contracts and related liabilities to co-defendant ADT LLC it retained and continued to service the commercial contracts.

When Walsh brought this suit four years after the above events, ADT SSI-Tyco was a real and substantial party because it allegedly participated in the wrongful conduct in which Walsh charges defendants engaged and it has a stake in the outcome of this case. Walsh alleges, and we accept the allegation at this stage of the litigation, that ADT SSI-Tyco is at least partly to blame for the inclusion of the allegedly illegal terms in the security service contracts. Although the now-defunct ADT SSI corporation may have drafted the allegedly illegal terms, any liability that ADT SSI could have faced for drafting those terms sits with ADT SSI-Tyco because when a Delaware corporation converts to a Delaware LLC as happened here, when ADT SSI converted to ADT SSI-Tyco, Delaware statutory law automatically transfers the corporation's liabilities to the new LLC. Del. Code Ann. tit. 6, § 18–214(f). And although ADT SSI-Tyco attempted to transfer all potential liability for that conduct to ADT LLC, it has not shown that the transfer freed it from liability. Rather, as Walsh asserts, the transfer did not have that consequence. Walsh claims that he can still sue ADT SSI-Tyco because the transfer of assets and liabilities from ADT SSI-Tyco to ADT LLC could not discharge his claim against ADT SSI-Tyco unless he consented to the transfer and the discharge, something he did not do.

We agree with Walsh's contention because his claim comports with rules that accompany common-law assignments of liability and defendants provide no reason why we should treat the assignment involved here differently. See Am. Flint Glass Workers Union v. Anchor Resolution Corp., 197 F.3d 76,

12

80 (3d Cir. 1999) ("A party subject to a contractually created obligation ordinarily cannot divest itself of liability by substituting another in its place without the consent of the party owed the duty.") (internal citation omitted); accord 29 R. Lord, Williston on Contracts § 74:27 (4th ed. 2012) ("No one can assign his liabilities under a contract without the consent of the party to whom he is liable.").[7] Thus, consumers like Walsh who signed the residential contracts still can sue ADT SSI-Tyco even though it transferred some of its contracts to ADT LLC. Inasmuch as the purchaser of its equipment and services can sue ADT SSI-Tyco for the alleged wrongs arising from the residential contracts for which it is allegedly responsible, it is a "real and substantial part[y] to the controversy." Navarro, 446 U.S. at 460, 100 S.Ct. at 1781-82.

Defendants argue, however, that we should regard ADT SSI-Tyco merely as a nominal party in light of SmithKline Beecham, 724 F.3d 337, which was not a CAFA case. Indeed, at one point the District Court made the same suggestion. See Walsh I, 2016 WL 6775634, at *4 n.5. But SmithKline

---

[7] We would be more receptive to defendants' argument if this were a case of successor liability. In such cases, where a company sells all of its assets to another company, the purchasing company may contract to assume the seller's liabilities. See 15 William Meade Fletcher et al., Fletcher Cyclopedia of the Law of Private Corporations § 7122. See also Berg Chilling Sys., Inc. v. Hull Corp., 435 F.3d 455, 464 (3d Cir. 2006). But the transfer in this case does not create successor liability—nor do defendants claim that it does—because ADT SSI-Tyco transferred only some assets to ADT LLC.

13

Beecham is distinguishable. In that case SmithKline Beecham, a Pennsylvania corporation, was sued, along with several related entities over allegations that it manufactured an injurious defective pharmaceutical drug. But before the case was filed, it had dissolved as a Pennsylvania corporation, domesticated as a Delaware corporation, and converted to a limited liability company called GSK LLC. When the plaintiffs, one of whom was a Pennsylvania citizen, subsequently brought the action in state court and defendants removed it to the district court, the plaintiffs claimed that the case should be remanded because SmithKline Beecham and one of the plaintiffs were Pennsylvania citizens and thus diversity of citizenship was absent. Plaintiffs claimed that the former SmithKline Beecham should be considered in the jurisdiction analysis as it was still a real party in interest because Pennsylvania statutory law preserved a dissolved corporation's interest in litigation against it.

We accepted the principle that dissolved companies can be interested parties where statutes like Pennsylvania's render the companies "sufficiently alive to sue . . ." SmithKline Beecham, 724 F.3d at 358 (quoting Stentor Elec. Mfg. Co. v. Klaxon Co., 115 F.2d 268, 271 (3d Cir. 1940), rev'd on other grounds, 313 U.S. 487, 495-97, 61 S.Ct. 1020, 1021-22 (1941)), but we emphasized that SmithKline Beecham did not merely dissolve. Rather, it domesticated as a new entity in Delaware which has "has stepped into SmithKline Beecham's shoes" because "under Delaware law, all of SmithKline Beecham's debts, liabilities and duties now lie with GSK LLC." Id. at 359 (internal citations and quotation marks omitted). In these circumstances, we concluded that SmithKline Beecham had become a nominal party and we disregarded its citizenship for purposes of diversity jurisdiction.

14

Defendants claim that we should treat ADT SSI-Tyco like SmithKline Beecham, and, by extension, treat ADT LLC, which is not a New Jersey citizen, like GSK LLC. Appellants' br. at 17. But the entities are in different positions. Unlike SmithKline Beecham, which dissolved completely and passed all of its liability to GSK LLC, ADT SSI-Tyco is an active entity that has not dissolved. It did not pass all of its liabilities to ADT LLC, to the end that ADT LLC "has stepped into [its] shoes"; rather, ADT SSI-Tyco is subject to liability in this case, depending on its outcome,[8] and can defend the claims against it. Accordingly, SmithKline Beecham does not preclude us from holding that ADT SSI-Tyco is a real party in interest in this case.

In sum, we agree with the District Court's ultimate conclusion that ADT SSI-Tyco is a local defendant under CAFA. ADT SSI-Tyco has an interest in the litigation and the Court correctly took into account its citizenship for the purposes of determining subject matter jurisdiction.

B. Other elements of the local controversy exception are satisfied.

We now consider the two remaining disputed prongs of the local controversy exception: First, whether the proposed class seeks "significant relief" from ADT SSI-Tyco and second, whether ADT SSI-Tyco's conduct "forms a significant basis for the claims asserted by the proposed plaintiff class." 28 U.S.C. § 1332(d)(4)(A)(i)(II)(aa), (bb).[9]

---

[8] We, of course, are not implying that we have any view on the merits of this case.

[9] There is no dispute on this appeal with respect to the presence

We have no difficulty in concluding that Walsh's amended complaint seeks significant relief from ADT SSI-Tyco. In evaluating whether the amended complaint seeks significant relief from a given defendant, we look to the complaint rather than extrinsic materials such as those on which defendants rely, as the complaint is the best evidence of the relief that the plaintiffs seek. See Coleman v. Estes Express Lines, Inc., 631 F.3d 1010, 1015 (9th Cir. 2011). In an instructive opinion on the significant relief prong of the local controversy exception, the Court of Appeals for the Tenth Circuit observed that based on the plain language of the statute, "a defendant from whom significant relief is sought does not mean a defendant from whom significant relief may be obtained." Coffey v. Freeport McMoran Copper & Gold, 581 F.3d 1240, 1245 (10th Cir. 2009) (quotation marks omitted). Coffey rejected the proposition that a local defendant's "financial viability" should factor into the preliminary analysis of whether significant relief is being sought. Id. Similarly, the possibility that another entity ultimately might satisfy a judgment against ADT SSI-Tyco by virtue of the reallocation of ADT SSI-Tyco's liabilities between itself and ADT LLC has no bearing on whether plaintiffs seek

---

of the other elements of the local controversy exception, which require that at least two-thirds of the proposed plaintiff class members be citizens of the local forum, that the "principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed" and that "during the 3–year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons[.]" 28 U.S.C. § 1332(d)(4)(A).

16

significant relief from ADT SSI-Tyco in the first instance.

Walsh's amended complaint seeks the following relief with respect to ADT SSI-Tyco: monetary relief for the class pursuant to New Jersey Court Rule 4:32-1(b)(3); statutory damages under the TCCWNA; declaratory, injunctive, and monetary relief for the subclass comprised of class members whose contracts were terminated early; treble damages under the NJCFA; and reasonable fees, costs, and interest.[10] We conclude that these requests for relief collectively constitute "significant relief" for purposes of the local controversy exception.

Finally, we consider whether ADT SSI-Tyco's conduct provides a significant basis for the claims that Walsh asserts. As we observed in Kaufman, a court must analyze the significance of a defendant's conduct in relation to that of the other defendants in light of the plain meaning of the word "significant." See Kaufman, 561 F.3d 144, 157 (defining "significant" as "important, notable") (quoting Oxford English Dictionary (2d ed. 1989)). Walsh argues that ADT SSI-Tyco's conduct forms a significant basis for the proposed class's claims because ADT SSI-Tyco used the allegedly illegal contract provisions at issue and because ADT SSI-Tyco entered into allegedly unlawful alarm-service contracts with 35.3% of class members.

While we have observed that the significant basis prong

---

[10] We do not need to address the possibility that fees and costs should not be regarded as relief that a plaintiff is seeking for CAFA purposes even though in some contexts a claim for counsel fees might not be regarded as a claim for damages.

17

"does not establish an absolute quantitative requirement" for the number of class members asserting claims based on a local defendant's conduct, the number of claims involving the local defendant can be a helpful consideration in the analysis. Kaufman, 561 F.3d at 155-56. We agree with the District Court that Walsh's evidence satisfies the required showing for the significant basis prong of the local controversy exception.[11] Walsh II, 2018 WL 555690, at *3. Though a greater number of class members entered into alarm-services contracts with ADT LLC than with ADT SSI-Tyco, the local controversy exception does not require that the local defendant's conduct be the most significant conduct or that it predominates over claims against other defendants. Because of ADT SSI-Tyco's role with respect to the use of allegedly illegal provisions, and because over a third of the class members entered into contracts directly with ADT SSI-Tyco, it is clear that ADT SSI-Tyco's conduct forms a significant basis for the claims of the class.

## V. CONCLUSION

For the above-stated reasons, we conclude that the District Court did not err in remanding this action to the state court based on CAFA's local controversy exception to the exercise of its jurisdiction. Because ADT SSI-Tyco is a local defendant and the elements of the exception are otherwise satisfied, we will affirm the remand order of January 25, 2018,

---

[11] Although the District Court considered evidence of the proportion of class members that entered into contracts with ADT SSI-Tyco, we conclude that the significant basis prong has been satisfied by the allegations in the amended complaint alone.

18

under consideration.