# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 16, 2022

Lyle W. Cayce
Clerk

No. 21-40292

Lamar County Electric Cooperative Association,

*Plaintiff—Appellee*,

*versus*

McInnis Brothers Construction, Incorporated,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:20-CV-930

Before Jones, Haynes, and Costa, *Circuit Judges*.

Per Curiam:*

This case concerns the interpretation of a forum selection clause in a contract entered into between Appellant McInnis Brothers Construction, Inc. ("McInnis") and Appellee Lamar County Electric Cooperative Association ("Lamar"). Lamar sued McInnis in Texas state court for breach of contract, negligence, and breach of implied warranty. McInnis removed

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-40292

the case to federal court based on diversity jurisdiction, and Lamar moved to remand. Concluding that the forum selection clause waived McInnis's right to remove the case to federal court, the district court granted Lamar's motion to remand. McInnis timely appealed, contending that the contract did not provide for waiver of removal. We AFFIRM.

It is well known that appellate review of remand orders for lack of subject matter jurisdiction is precluded by 28 U.S.C. § 1447(d). But here, the district court predicated its remand order on a contractual forum selection clause. Thus, the order was "not based on lack of subject matter jurisdiction and is therefore outside of the statutory prohibition on our appellate review." *Waters v. Browning-Ferris Indus., Inc.*, 252 F.3d 796, 797 (5th Cir. 2001). "Contractual remand orders are reviewable by direct appeal." *Id.* We review the district court's interpretation of the forum selection clause de novo. *McDermott Int'l, Inc. v. Lloyds Underwriters of London*, 944 F.2d 1199, 1204 (5th Cir. 1991).

The relevant clause states: "The Judicial Court in and for the County of the project location, State of Texas shall have sole jurisdiction and venue in any action brought under this contract."[1] The parties do not dispute that the "project location" was in Lamar County; they also do not dispute that there is no federal courthouse physically located in Lamar County.[2] The

---

[1] McInnis points to other sections of the contract and claims that the forum selection clause becomes ambiguous when all the relevant clauses are read together. McInnis specifically relies on a clause where the parties agreed to dispute resolution in "a court of competent jurisdiction." However, that clause was clearly addressing the issue of whether the parties would go to court or arbitration. As well, when construing contracts, we give effect to specific clauses over general ones. *See Baton Rouge Oil & Chem. Workers Union v. ExxonMobil Corp.*, 289 F.3d 373, 377 (5th Cir. 2002).

[2] We take judicial notice of the fact that this case was removed to the Eastern District of Texas, Sherman Division federal courthouse in Grayson County, some 60 miles away from Lamar County. *See Castilleja v. S. Pac. Co.*, 445 F.2d 183, 185 (5th Cir. 1971).

district court construed "in and for" as referring to a court that is physically located in the relevant county *and* has jurisdiction over that county. We examine that analysis.

Our case law makes clear that removal rights must be clearly waived[3] and that a contract may waive removal "by explicitly stating that it is doing so, by allowing the other party the right to choose venue, or by establishing an exclusive venue within the contract." *City of New Orleans v. Mun. Admin. Servs., Inc.*, 376 F.3d 501, 504 (5th Cir. 2004). The question here, then, is whether the contract established Lamar County as an "exclusive venue."

We conclude that "in and for" is quite clear: it references the location ("in") AND the jurisdiction ("for"). *See All. Health Grp., LLC v. Bridging Health Options, LLC*, 553 F.3d 397, 400 (5th Cir. 2008); *Collin Cnty. v. Siemens Bus. Servs., Inc.*, 250 F. App'x 45, 52–54 (5th Cir. 2007) (unpublished).[4] The district court judge in this case was clearly *not* "in" Lamar County, even though he had jurisdiction "for" it. The phrase "County of the project location" is also not ambiguous given that this project did not span many counties; rather, it only occurred in one—Lamar County. Moreover, "Judicial Court," if unclear at all, would refer to state courts since Texas state courts are known as "Judicial District Courts," whereas federal

---

[3] Our case law has some inconsistencies on how ambiguous clauses interact with removal waiver. *Compare Grand View PV Solar Two, LLC v. Helix Elec., Inc.*, 847 F.3d 255, 258 (5th Cir. 2017) ("Ambiguous language cannot constitute a clear and unequivocal waiver." (internal quotation marks and citation omitted)), *with All. Health Grp., LLC v. Bridging Health Options, LLC*, 553 F.3d 397, 402 (5th Cir. 2008) ("[W]hen presented with two reasonable, but conflicting, interpretations of a contract provision, we adopt the interpretation least favorable to the drafter."). Because we conclude that the clause is not ambiguous, we need not address this complexity further.

[4] At the time of *Collin County*, there was no federal courthouse physically in Collin County. 250 F. App'x at 52–53. Since then, one has opened as part of the Sherman Division, so a current venue "in Collin County" would include the federal district court.

No. 21-40292

district courts are not referenced that way. Finally, McInnis suggests that the word "the" preceding "Judicial Court" creates ambiguity since there are two state district courts in Lamar County. But, of course, if you add the federal courts in the Sherman Division to that list, there would be two more courts, for a total of four. Moreover, because venue would be appropriate in either state district court, the "the" argument is unavailing.

Accordingly, we agree with the district court's conclusion that this case should be remanded to the state court "in and for Lamar County."[5] AFFIRMED.

---

[5] The Supreme Court addressed forum selection clauses in *Atlantic Marine Construction Co. v. U.S. District Court for the Western District of Texas*, 571 U.S. 49 (2013). While *Atlantic Marine* addressed the question of venue transfer from one federal court to another, it also addressed the issue of venue provisions pointing exclusively to state courts. *Id.* at 61. Because we conclude that the language in question clearly supports remand, we need not consider whether *Atlantic Marine* applies to remand cases. *Compare Jailani v. QFS Transp., LLC*, No. 4:20-CV-00055, 2020 WL 2847019, at *2–3 (S.D. Ind. June 2, 2020) (concluding that *Atlantic Marine*'s forum non conveniens analysis applied to a remand analysis where the defendant moved from a "convenient" to an "inconvenient forum" causing the plaintiff to seek remand), *with Zehentbauer Fam. Land LP v. Chesapeake Expl., LLC*, No. 4:15-CV-2449, 2016 WL 3903391, at *3 (N.D. Ohio July 19, 2016) (holding that "reliance" on *Atlantic Marine* was "misplaced" because the case did "not concern the right to transfer").