**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1402
_____

MEDICAL ASSOCIATES OF ERIE

v.

MICHAEL B. ZAYCOSKY, D.O.,
Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 1:20-cv-00071)
District Judge: Honorable Susan Paradise Baxter

_____

Argued April 19, 2023

Before: HARDIMAN, PORTER, and FISHER,
*Circuit Judges*.

(Filed:  August 9, 2023)

Anthony F. Andrisano, Jr. **[Argued]**
Buchanan Ingersoll & Rooney
409 N Second Street

Suite 500
Harrisburg, PA 17101

*Counsel for Appellant*

Peter J. Adonizio, Jr.
Stevens & Lee
425 Spruce Street
Suite 300
Scranton, PA 18503

Mark D. Bradshaw **[Argued]**
Stevens & Lee
17 N Second Street
16th Floor
Harrisburg, PA 17101

*Counsel for Appellee*

_____

OPINION OF THE COURT
_____

PORTER, *Circuit Judge*.

Congress created a right to remove certain cases from state court to federal court. Litigants must satisfy procedural and substantive statutory requirements to exercise that right. District courts may remand cases that fail to satisfy those requirements and award just costs and any actual expenses, including attorney fees, incurred as a result of the removal. Here, the District Court remanded to enforce a forum-selection

clause. Because a forum-selection clause is not a removal defect and does not deprive the District Court of subject matter jurisdiction, the District Court cannot remand and award attorney fees under 28 U.S.C. § 1447(c). We will vacate the award of attorney fees.

I

Medical Associates of Erie (MAE) and Michael Zaycosky entered an employment contract. They could not agree on when Zaycosky promised to start his employment, so MAE sued in the state court venue prescribed in the contract. Zaycosky removed, and MAE moved for remand to enforce the contract's forum-selection clause and for an award of fees. The District Court remanded and allowed MAE 30 days to petition for costs and fees. MAE timely submitted a petition and affidavit supporting its request for $29,517.25.

Zaycosky opposed the petition. He argued that the District Court lacked authority under 28 U.S.C. § 1447(c) to award costs and attorney fees for a remand based on a forum-selection clause, and, alternatively, that a fee award was not warranted because he had an objectively reasonable basis for removal. The District Court rejected Zaycosky's arguments and awarded the amount requested. Zaycosky appealed.

II

The District Court had diversity jurisdiction over this action. 28 U.S.C. § 1332. The notice of removal alleges that Zaycosky is a citizen of Georgia and that MAE is incorporated and has its principal place of business in Pennsylvania. MAE's complaint alleges in good faith that it is entitled to at least $361,800, so the amount in controversy is satisfied. *Dart*

*Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014). This Court has jurisdiction under 28 U.S.C. § 1291 to review the award.

We review de novo the proper interpretation of a statute. *Walsh v. Defs., Inc.*, 894 F.3d 583, 586 (3d Cir. 2018).

III

We decide whether courts may award attorney's fees against the "bedrock principle known as the American Rule." *Peter v. Nantkwest, Inc.*, 589 U.S. ----, 140 S.Ct. 365, 370 (2019) (quoting *Hardt v. Reliance Standard Life Ins., Co.*, 560 U.S. 242, 253 (2010)). Under that rule, we presume "[e]ach litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." *Id.* (quoting *Hardt*, 560 U.S. at 253). Courts may award fees when Congress provides "a sufficiently 'specific and explicit' indication of its intent to overcome the American Rule's presumption against fee shifting." *Id.* at 372 (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 260 (1975)).

The question presented is whether § 1447(c) specifically and explicitly indicates Congress's intent to allow fee shifting when courts enforce a forum-selection clause. Zaycosky argues that § 1447(c) allows fee shifting only for remands where the removal failed to meet the statutory requirements or where the court lacks subject matter jurisdiction over the removed case. We agree, so we will vacate the award.

4

A

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants." 28 U.S.C. § 1441(a). Plaintiffs may then challenge the removal by filing a motion to remand. § 1447(c). Section 1447(c) limits plaintiffs' ability to challenge the removal, and it limits district courts' authority to remedy abuses of the removal procedure.[1] Plaintiffs may move for remand at any time if the district court lacks subject matter jurisdiction, but they must challenge removal defects within thirty days after the filing of the notice to remove. *Id.* Courts, meanwhile, may issue "[a]n order remanding" and "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." *Id.*

The Supreme Court does not read "an order remanding" to mean any remand order. It held that the phrase, as used in § 1447(d), is limited by the grounds for remand specified in

---

[1]  A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.

28 U.S.C. § 1447(c).

5

§ 1447(c). Section 1447(d) limits appellate jurisdiction over "[a]n order remanding a case to the State court from which it was removed," with exceptions not relevant here. The Supreme Court "has consistently held that § 1447(d) must be read *in pari materia* with § 1447(c), thus limiting the remands barred from appellate review by § 1447(d) to those that are based on a ground specified in § 1447(c)." *Carlsbad Tech'y Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 638 (2009).

Under a prior version of the statute, the Supreme Court identified such grounds as a "lack of subject matter jurisdiction or defects in removal procedure." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 712 (1996). Congress amended § 1447 in 1996, and the Supreme Court has since maintained the distinction between "properly removed" cases and cases "failing in subject-matter jurisdiction." *Powerex Corp. v. Reliant Energy Servs., Inc.*, 551 U.S. 224, 232 (2007) (emphasis removed). The limits § 1447(c) imposes on other subsections equally apply to itself. As a result, we read § 1447(c) to authorize courts to shift fees when remanding cases removed without subject matter jurisdiction and cases defectively removed.

B

We turn to whether an order remanding to enforce a forum-selection clause authorizes courts to shift fees. Under § 1447(c), the District Court could order the payment of fees only if the forum-selection clause deprives it of subject matter jurisdiction or if removal in violation of the clause constitutes

6

a defect, as that term is used in § 1447(c).[2] Yet to the contrary, "[i]t is well established that a remand pursuant to a forum selection clause does not fall within the reasons for remand listed in § 1447(c)." *Carlyle Inv. Mgmt. LLC v. Moonmouth Co.*, 779 F.3d 214, 218 (3d Cir. 2015). That rule applies here in full force.

First, the District Court had diversity jurisdiction over MAE's claims. "The district courts shall have original jurisdiction" over cases with complete diversity and the minimum amount in controversy. 28 U.S.C. § 1332. The notice of removal and the state court petition allege complete diversity of citizenship and an amount in controversy exceeding $75,000. *See id.* MAE did not contest the District Court's subject matter jurisdiction in its motion to remand. Nor does it argue here that the District Court lacked subject matter jurisdiction all along. Such argument would not succeed in any

---

[2] The two out-of-circuit cases MAE cites do not persuade us otherwise. In *Excell, Inc. v. Sterling Boiler & Mechanical, Inc.*, the Tenth Circuit upheld a fee award under § 1447(c) following remand based on a forum selection clause. 106 F.3d 318, 322 (10th Cir. 1997). But the defendant did not argue that fees weren't statutorily authorized under § 1447(c), so the court did not address the question presented here. In *Grand View PV Solar Two, LLC v. Helix Elec., Inc./Helix Elec. of Nevada, L.L.C., J.V.*, the Fifth Circuit affirmed both the remand based on a forum selection clause and the denial of fees under § 1447(c). 847 F.3d 255, 259 (5th Cir. 2017). But the court affirmed the denial of fees on the merits, agreeing with the district court that the defendant had an objectively reasonable basis for seeking removal. *Id.* So it too did not address whether fees were authorized by § 1447(c).

7

event. Facing an analogous venue challenge, the Supreme Court held that a "forum-selection clause has no bearing" on whether a case meets the statutory requirements of venue. *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 56 (2013). So too here. The District Court had subject matter jurisdiction under § 1332, so it may not remand and award fees under § 1447(c) for a failure of subject matter jurisdiction.

Second, MAE has not identified a defect in the removal. Removal is a statutory mechanism. MAE did not argue here or before the District Court that Zaycosky failed to satisfy the statutory requirements of removal. Rather, it argued that the forum-selection clause was the single obstacle to removal. But an enforceable forum-selection clause is not a removal defect. *See Carlyle Inv.*, 779 F.3d at 218; *see also Kamm v. ITEX Corp.*, 568 F.3d 752, 755 (9th Cir. 2009) (collecting cases deciding forum-selection clauses are not defects under § 1447(c)). Zaycosky had a statutory right to remove, and he did so according to the statutory requirements, so his removal was proper. The District Court could not award fees under § 1447(c) based on a defective removal.

C

The inability to award fees under § 1447(c) does not foreclose the power to remand. Section 1447(c) does not occupy the field for permissible remands. 14C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3739 (Rev'd 4th ed.) (listing bases for remand other than § 1447(c)). A forum-selection clause can be "a proper, non-statutory ground for remand." *Foster v. Chesapeake Ins. Co., Ltd.*, 933 F.2d 1207, 1214 (3d Cir. 1991). Since *Foster*, the Supreme Court has declared that "the appropriate way to

8

enforce a forum-selection clause pointing to a state . . . forum is through the doctrine of *forum non conveniens*." *Atl. Marine*, 571 U.S. at 60. The "traditional remedy" for forum non conveniens is outright dismissal, *id.*, but *Atlantic Marine* does not eliminate remand as an available remedy for removed cases.

Nor is Section 1447(c) the only deterrent against abusing removal. Rule 11 requires attorneys and unrepresented litigants to certify that every pleading, written motion, or other paper presented to the court is not presented "for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11. There are differences between §1447(c) and Rule 11: movants must meet different standards and Rule 11 recognizes greater discretion to fashion appropriate deterrents. Because of its flexibility, Rule 11 provides a sufficient deterrent against removal abuses. *Cf. Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 629 (2009) (Federal Rule of Appellate Procedure 38 provides an adequate guard against abuses of the right to appeal under the Federal Arbitration Act).

\* \* \*

We presume each litigant bears its own fees and costs, and we do not see a specific and explicit indication of Congress's intent to displace that presumption for remands not specified in § 1447(c). A remand to enforce a forum selection clause is not a remand specified in § 1447(c). Accordingly, we hold that the District Court lacked the authority to award attorney fees under § 1447(c) when Zaycosky properly removed a case within the District Court's subject matter jurisdiction. We will vacate the fee award.

9